The opinion of the court (Tilghman, C. J. being absent,) was delivered by
Duncan, J.
It is certainly true, that in all legal proceedings, the parties, plaintiffs and defendants, should be brought by name on the record, and it is irregular to bring an action for or against a company, without naming all the parties. Yet this is not error, for after a verdict, a court will presume A. B. & Co. to be the real name of the party. There is a case decided, which I am not just *258 ábíe td ky. lily hands on, in Which the widow MotéP and seta Wai! Considered as the name and cognomen bf a party.
On the plea of nori est factum, no matter Of law is ptit in issue. The defendants beloW pleaded that this was not their deed. It Was simply a question of fact, did they execute the deed of Which pro* fert had been made. Whether the plaintiffs ought not to have declared differently, have stated the bill to have been given to them, (setting Out the proper namfes,) by the name of Cresson, Wistar & Co: Was a question, not raised by the plea. But the issue ori trial, and on Which the opinion of the court was desired was, is there proof of the deed declared on. Now it was proved, that the defendants did execute the single bill to Cresson, Wistar & Co. and that there was such a company, consisting of four persons.
On the isSud of non est factum, only questions of fact can he tried. Pigolt’s case. 11 Rep. 26, b. Colton v. Goodrich. 2 W. Bl. 1108. And the fact was not put in issue, that this was a bill given to á company whose names were, A. B. &Co., but that the defendant did not execute the deed to Cresson, Wistar fy Co. The distinction as to proper parties between plaintiffs and defendants, the former being pleas in bar, the latter in abatement, has no principle for its foundation, and time and good sense, Will finally prevail, and require equally in both cases, that defendant should take advantage of it by plea in abatement. It is more convenient to all parties, that advantage should be taken of it in limine, by plea in abatement, and that parties should, after issüe joined, proceed on the merits, thart that a defendant should, on the trial, be allow-* ed to defeat a plaintiff on a mere matter of form. The subject is Very fully Considered by Sergt. Williams, in his very comprehensive note to Cabell v. Vaughan, 1 Saund. 291; Frotn the time of the year books to this time, misnomer might be pleaded in abatement, when the plaintiff misnames himself, 22 E. 3 C. 34, and we ought not to be more strict than in the days of the year books, and in Brook, misnomer, *78, it is said, .that in an action by a corporation or a natural body, misnomer of the bne or the other goes Only to the Writ. But if there was no such Company as Cresson, Wistar & Co., then there could be no person in rerum natura to maintain the action ; that would be in bay, for there could be ho one to taaintáih the action bjr any natae. Here there wás a company, such a oné as is described in the bill, to whom the defendants bound themselves by the name of trade. This Cannot be Stronger than á plaintiff misnaming himself, and according to the ancient and modern doctrine, it is a plea in abatement, where there is a mistake in the name or description of any existing party having a tight to sue, and if this Can be pleaded in abatement, it bught not to be received in bar.
On this issue, the identity of the person to whom the bond is given is the only material inquiry. There is a strong case to this *259 effect, 1 Stark, Rep. 47, It appeared tbe name of the in-, dorser was Philip Philips, and it was objected, that this varied from the allegation of an indorsement hy Philip Philip, the persons being different, The bill itself was payable tq Philip Philips, and the name was so indorsed on the bill, and b.y Lord Ellenborough, whether the name on the bill be tbe party’s false or true name is immaterial, If it be his name of. trade, the only question is, as to the identity of the. person. The judgment |s, therefore, affirmed.
Judgment affirmed,