# Ege *against* Kyle.

In an action by partners on a negotiable note, indorsed in blank, they are not bound to give evidence of the partnership ; but if such note be indorsed specially to a firm, evidence must be given that the firm consists of the persons who sue as plaintiffs.

A transfer of a negotiable note by indorsement, under seal, does not destroy its negotiable character so that an action may not be maintained in the name of the indorsee.

An indorsement on a negotiable note, of a receipt on account of a quantity of iron, " the net proceeds of which are to be credited on the within," and which were afterwards credited on it by indorsement, does not destroy its negotiable character.

Because of such indorsements on the note, the defendant in an action by the indorsee against him, will not be permitted to set up as a defence that the consideration of the note failed.

The fact that the indorsee of a negotiable note holds the same as a collateral security for a debt due to him by the original payee, is not such a circumstance as will admit the payer to make defence, on the ground of defalcation, or failure of consideration.

ERROR to the common pleas of *Cumberland* county.

The style of this action was, Adam B. Kyle, trading in the name

of Dinsmore and Kyle, indorsees of William Barber and Sampson Mullen, trading in the name of Barber and Mullen, against George Ege *et al.*

Statement filed setting out the note, its date, amount and time of payment; also stating the transfer by indorsement as follows, viz.

"Which said note was indorsed by the said William Barber and Sampson Mullen, on the 3d of January 1832, and thereby made payable to Adam Kyle, trading in the name of Dinsmore and Kyle, the plaintiff;" and also stating the credit indorsed on the note. Pleas, *non assumpsit,* and payment and issues thereon.

Plaintiff, after proving execution of note and indorsement, offered the same in evidence to the jury, which are as follows, viz.—"Papertown, Oct. 19th, 1831. $1940—On or before the 1st day of April 1832, we, or either of us, jointly or severally, promise to pay, to the order of Barber and Mullen, 1940 dollars, without defalcation, for value received." Signed by all the defendants. Indorsements thereon, as follows, viz. "Received on the within note, six tons nine hundred one quarter and nineteen pounds of bar iron, the net proceeds arising from the sale of which are to be credited on the within, which is 397 dollars 50 cents, as below.

"BARBER & MULLEN.

"October 19th, 1831."

"January 3d, 1832. For value received, we assign the within note to Dinsmore and Kyle, and guaranty the same, as witness our hands and seals, the day and date above written.

"WILLIAM BARBER, [L. S.].<br>"SAMPSON MULLEN, [L. S.].

| | | |
|---|---:|---:|
| "Principal of note, | | $1940 00 |
| "By iron put above, sold S. E. S. & J. Ellicot, | 456 00 | |
| "Deducting hauling, | 58 00 | |
| | | 397 50 |
| "This amount is due 1st of April 1832, | | $1542 50" |

Assignment objected to, that the suit is in the name of A. Kyle, and the assignment is to Dinsmore and Kyle; objection overruled, and exception taken.

Note and transfer then read.

Defendants thereupon offered to prove, that the consideration of the note read, was the purchase money of a tract of land, agreed to be sold by Barber and Mullen to M. M. Ege; that it was to be free from incumbrances, and having certain advantages of water power, &c.; that the said land was incumbered to a large amount, and that it was subject to the right of a third person to have a road through the land, to have the use of the orchard, and the half of the water power, &c., and also that the indorsement for iron should have been at the price at the works, and not at Baltimore, being a considerably less

sum ; and now farther that the indorsement has been altered, &c.,. fixing the price, &c., since the transfer.

Plaintiff objects, that it is a negotiable instrument circulated in the usual course of trade, and is not liable to any defalcation in the hands of the holder.

Defendants add to their offer, proof that the note was taken by Dinsmore and Kyle, as security for a claim against Barber and Mullen, and which they have since prosecuted against them by suit in court, to judgment, and they now claim the same.

The evidence offered is rejected, excepting so far as regards the indorsement, and so far as is necessary to fix the exact amount of the credit at the time of the transfer.

Exception by defendants.

Evidence was then given as to the price of iron at the date of the note, which it is unnecessary to state.

Defendant's counsel presented the following points, and requested the court to file their charge of record, viz.

1. The note in question having been indorsed to Dinsmore and Kyle, and the suit being in the name of Adam Kyle, and there being no proof of any transfer from Dinsmore and Kyle to Adam Kyle, and no proof otherwise, of any title thereto being vested in Adam Kyle, the plaintiff cannot recover in this suit.

2. That the suit cannot be sustained in the name of the present plaintiff, because the transfer of the note is under seal.

Charge of court to jury.

First point answered. On the general issue pleaded to an action by partners, the plaintiffs are not obliged to prove their partnership. 1 *Browne* 145. The style of this suit not being denied at the time when such objection could have been more properly made, we think the objection now insisted on is invalid.

Second point. We think this point also ineffectual. The indorsement of a note need not embrace negotiable words. A bill originally negotiable continues so, unless its general negotiability be restrained by express terms.

A transfer of the whole interest in a negotiable note, in writing, carries with it the right of action in the name of the indorsee. Even a special indorsement, exempting the indorsee from any liability under it, is good. So an indorsement under seal with an extended liability would, on the same principle, clothe the indorsee with the whole interest in the note ; one of the incidents of which would be, the right to sustain a suit in his own name. If the suit was on the transfer, it might be different ; all that is wanting in this case, is evidence of a written transfer of the right to the negotiable paper, from the original payees to the plaintiff; the note being in terms payable to order, any order in writing is enough. This writing need not be of a commercial character. The original contract is to pay to order : any legal evidence of such order is enough.

Exception taken by defendants.

[Ege v. Kyle.]

Errors assigned.

1. The court erred in receiving the indorsement of the transfer of the note in evidence, as stated in first bill of exceptions.

2. In rejecting the evidence offered by defendants, as stated in the second bill of exceptions.

3. In answering both the points put by defendants' counsel in the negative in their charge; and for not charging that plaintiff could not sustain his action for each of the reasons stated in defendants' points.

*Alexander* and *Carothers*, for plaintiffs in error, cited, Foley *v.* Houk, 2 *Penns. Rep.* 245; *Chitty's Pl.* 3; *Chitt. on Bills* 129.

*Watts*, for defendant in error, cited, 1 *Saund.* 291; 1 *Brown's Rep.* 145; Wilson *v.* Wallace, 8 *Serg. & Rawle* 55; Porter *v.* Cresson, 10 *Serg. & Rawle* 257.

The opinion of the Court was delivered by

SERGEANT, J.—When a suit is brought by several plaintiffs as partners, on a negotiable note indorsed in blank, they are not bound to give evidence of the partnership, because possession constitutes title, and confers a right of action on such as may agree to sue. 3 *Campb.* 239; 1 *Stark.* 446; *Chitt. on Bills* 394. But when the note is payable or indorsed specially to a firm, the contract is with them only, and it has often been ruled, that in an action by such payees or indorsees, strict evidence must be given that the firm consists of the persons who sue as plaintiffs on the note. *Ibid.* The indorsement in this case was special, to Dinsmore and Kyle. The plaintiff sues in his individual right, averring in his statement that the note was indorsed to him, trading in the name of Dinsmore and Kyle. This averment forms a material part of his title. It is the only right to sue which he sets forth, and if not true, the action is not maintainable in his name. *Non assumpsit* puts in issue every part of the plaintiff's title. It is otherwise on *non est factum*, which, though called the general issue, is in the nature of a restricted plea; it denies the validity of the deed declared on, but admits every thing else. On this ground, the case of Porter *v.* Cresson, 10 *Serg. & Rawle* 257, was determined. Here the issue was *non assumpsit;* and on this issue the plaintiff was bound to give evidence of the averment that he represented Dinsmore and Kyle. The court below, therefore, erred in charging the jury that this objection was not sustainable.

The other errors are not supported.

Judgment reversed, and *venire de novo* awarded.