## Morse *against* Chase & Co.

A defendant is not obliged to plead in abatement the non-joinder of a partner who ought to have been a co-plaintiff, but may take advantage of it upon the general issue. But it must appear affirmatively that such partner was an acting partner; for if he was merely a dormant partner he need not be joined.

If a suit be brought in the firm's name, *e. g.*, J. L. Chase & Co., after verdict the court will presume it to be the names of real persons, where the contrary does not appear.

Where a special verdict is defective, the practice is to move to amend from notes of counsel or on affidavit; and, in order to sustain the merits, the court will *do so*.

ERROR to *Warren* county.

This was an action of *assumpsit* in the name of Joseph L. Chase & Co. against John G. Morse. Plea *non assumpsit*. The jury found a special verdict for the plaintiff for 106 dollars, and that Thomas H. Sill was a partner in the firm of Joseph L. Chase & Co. at the time of the contract mentioned in the plaintiff's declaration. The defendant objected to the rendering of judgment on the verdict, but the court below (Shippen, president) overruled the objection, and rendered judgment on the verdict.

*Struthers*, for the plaintiff, contended, that all the acting members of a copartnership or firm must sue as plaintiffs, and that too by their

[Morse v. Chase & Co.]

Christian and surnames; and cited, 1 *Saund. Rep.* 291, *f*; 2 *Strange* 1146; *Com. Dig., tit. Abatement (E.* 12); 1 *Chitt.* 7—9; 1 *Saund.* 154, (*N.* 1); 16 *Johnson* 40; 2 *Penns. Practice* 373; 8 *Serg. & Rawle* 53—58. He also cited 2 *Watts* 372, and contended that the same reason applies where *too few* join, as where *too many* join; and that error lies in both cases. The court below therefore clearly erred in rendering judgment for plaintiff on the special verdict returned by the jury by which it appears that there was an acting partner who was not joined as plaintiff.

*Pearson,* for the defendant in error, admitted that all the acting partners must join as plaintiffs; but contended that a dormant partner need not be joined, and cited, 10 *Serg. & Rawle* 257. The special verdict in this case does not find that Thomas H. Sill was a partner of Joseph L. Chase *in* the contract laid in the declaration, but only that he was his partner at the *time* of that contract. Now, he might have been his partner at *the time* in other matters of business, yet not in this contract. Again, the jury do not find that he was an *acting* partner, it is therefore to be taken that he was a *dormant* partner, and need not be joined.

*Thompson,* in reply, contended, that the evidence upon which the special verdict was founded must necessarily have had relation to the contract laid in the declaration. No other contract was in issue; no other evidence would have been pertinent to the issue, or could have been allowed to go to the jury. The fair construction of the finding therefore is, that Thomas H. Sill was a partner *in* the contract laid in the declaration. Again, the fair construction of language is always to give it its most general and comprehensive signification, unless qualified by the speaker or written at the time he uses it. The term *partner,* according to its general and enlarged signification, means not only one jointly interested in the stock, and profits and losses of an enterprise or business, but also that he is equally engaged and active in carrying on the business or enterprise; and the jury, in this verdict, not having qualified the term, Thomas H. Sill is to be considered, under the finding, *an acting partner.* If they intended that he was a *dormant* partner, they should so have found. A firm with a dormant member is but a special partnership, and is limited in its characteristics and qualities. But the jury find T. H. Sill to be a *partner* in the most general, unlimited and unqualified sense of the term. The major includes the minor, but not *e converso.*

The opinion of the Court was delivered by

SERGEANT, J.—The three errors assigned are in substance the same, and amount to this, that Sill was a partner of the plaintiff at the time of the contract, and ought to have been joined in the suit. There can be no doubt that if Sill was an acting partner of Chase at

IV.—3 H

that time, the objection could be taken advantage of on the general issue of *non assumpsit*, which goes to the whole title set out by the plaintiff in his *narr*.   The defendant is not obliged to plead in abatement the non joinder of a partner who ought to have been a co-plaintiff; but it must appear that such partner was an *acting* partner; for if he was merely a *dormant* partner, he need not be joined in the suit.   Wilson v. Wallace's Executors, 8 *Serg. & Rawle* 55; Porter v. Cresson, 10 *Serg. & Rawle* 257; Lloyd v. Archbold, 2 *Taunt.* 327. The defendant's difficulty in the present case is, that the special verdict merely finds that "Thomas H. Sill was a partner in the firm of Joseph L. Chase & Co. at the time of the contract mentioned in the plaintiff's declaration."   But whether he was an acting or a dormant partner is not found, and is a fact material to the plaintiff's right of recovery: because, in the latter case, the objection was unfounded; in the former, it would prevail.   This fact not having been found by the jury, it could not be determined by the court below.   It is the business of the jury in finding a special verdict to inform the court of all material facts from which the law is to arise: the court cannot conjecture them, nor will it infer them to defeat the plaintiff's recovery.   Where the special verdict is defective, the practice is to move to amend from notes of counsel or on affidavit; and in order to sustain the merits, the court would not hesitate to do so.   No application of this kind was made; and the objection itself is merely technical, and destitute of any merits whatever.

As to the objection that the suit is on its face erroneously brought by Joseph L. Chase & Co., and this may be taken advantage of in error; it is a sufficient answer, that after verdict the court will presume Joseph L. Chase & Co. to be the names of real persons, where the contrary does not appear.   In Porter v. Cresson, 10 *Serg. & Rawle* 257, the court said they would presume the plaintiff's names to be Cresson, Wiston & Co.; and in Armstrong v. Robinson, 5 *Gill & Johns.* 412, in a suit on a bond signed A. & Co., the writ and declaration being against A. only, the court would not, on general demurrer, assume that there was any other living person jointly bound with A. at the time the suit was brought, nor that A. was not A. & Co.   Here Joseph L. Chase & Co. may be presumed to be the real names of the parties with whom the defendant contracted; for it is not said in the special verdict that Thomas H. Sill was the partner designated as the Co. in the firm of Joseph L. Chase & Co., but merely that he was a partner in that firm; which he might have been, though it consisted of three persons, and he was a dormant partner.

Judgment affirmed.