By the Court:
 

 Harrington,
 
 Justice:
 

 The rule as to joint defendants is, that they
 
 :ist
 
 be joined; but advantage can be taken of the .non-joinder only
 
 plea in abatement,
 
 unless the pleadings show that there are other rties jointly liable. (1
 
 Chit. Plead.
 
 32; 1
 
 Saund. Rep.
 
 291,
 
 b. note
 
 4.) As to actions
 
 by
 
 one of several persons jointly entitled, all the
 
 *426
 
 obligors or covenantees in bonds or deeds ought to join in the action if alive; and if dead, that fact ought to be averred. (5
 
 Rep.
 
 18; 1
 
 Saund. Rep.
 
 291,
 
 b. n. 4;
 
 1
 
 Chit. Plead.
 
 7.) If one only sues, the defendant may crave oyer and demur, or plead non est factum, and take advantage of it under that plea; or if it appears on the face of the declaration, it would be fatal in arrest of judgment. In
 
 actions of assumpsit,
 
 if only one of several persons who ought to join! bring the action, the defendant may take advantage of it on
 
 non-as-, sum.psii,
 
 according to the settled decisions, though contrary to the principle of the case of
 
 Rice
 
 vs.
 
 Shute,
 
 5
 
 Burr. Rep.
 
 2613. In
 
 actions of tort
 
 the defendant must plead such non-joinder in abatement. (1
 
 Saund. Rep.
 
 291,
 
 b.
 
 4; 1
 
 Chit. Plead.
 
 8,
 
 note
 
 32.)
 

 J. A. Bayard,
 
 for plaintiff.
 

 Rodney,
 
 for defendant.
 

 But this case does not fall within any of these principles. Th objection is here taken not by plea in abatement or even by plea t the action. The question for us is, whether the judgment in favoij of Huffman & Donoho is sustained by the note and power of attorne authorizing the confession, both of which are in the name of Huffl man & Donoho. On this point we do not see that there is any erro in the entry of the judgment. Even after verdict, it would be pro sumed that Huffman & Donoho was the real name of the party plain tiff. (See
 
 Morse
 
 vs.
 
 Chase
 
 &
 
 Co.,
 
 4
 
 Watts’ Rep.
 
 460; and
 
 Porter et al
 
 vs.
 
 Cresson, Wistar
 
 &
 
 Co.,
 
 10
 
 Serg.
 
 &
 
 Rawle
 
 257,) in the forme of which the court presumed after verdict that Joseph L. Chase
 
 & Co.,
 
 and in the latter Cresson, Wistar & Co., were the real name of the parties plaintiff. (See also 5
 
 Gill
 
 &
 
 Johns. Rep.
 
 412.) Th latter case goes further and attacks the distinction between plaintiflj and defendants in reference to the mode of objecting the want proper parties, as having “no principle for its foundation, and tina and good sense will finally prevail, and require equally in both case;! that defendant should take advantage of it by plea in abatement.) The argument of the learned editor of Saunders’ Reports, before r ferred to, has a strong tendency the same way; though it admits tl: distinction to have been established by numerous cases.
 

 If, however, after verdict in an action of assumpsit by Huffman Donoho, the court would presume this to be a real name, we mu1 on stronger grounds presume in favor a judgment authorized by tl defendant in this form, and confessed upon a note given to the plai tiff by that name. Judgment affirmed.