## M'Kinney *against* Mehaffey.

A *scire facias* answers the purpose both of a writ and a declaration; and where a legal title to have execution of the original judgment is not set out in it, judgment may be arrested as for want of a cause of action.

A writ of *scire facias* to revive a judgment can only be maintained in the name of the original plaintiff, or, after his death, in the name of his personal representative.

ERROR to the Court of Common Pleas of *Lancaster* county.

This was a *scire facias* by James Mehaffey, surviving partner of Henry Share, John Pedan and others, who did business under the firm and name of Henry Share & Company, against Samuel M'Kinney.

The original judgment was founded upon a bond of Samuel M'Kinney to *Henry Share & Co.* in the penalty of $7674, conditioned for the payment of $3837, and which was accompanied by a warrant of attorney to confess judgment, by virtue of which a judgment was entered to April term 1815, in the name of *Henry Share & Co.* against Samuel M'Kinney. The death of Henry Share was suggested, and the present plaintiffs were substituted. The writ of *scire facias* to revive this judgment was as follows:

"Whereas Henry Share & Co. lately in our County Court of Common Pleas, in the term of April, in the year of our Lord 1815, by the judgment of the same court, recovered against Samuel M'Kinney, late of Lancaster county, as well of a certain debt of $7674, lawful money of Pennsylvania, as $1, which to the same plaintiffs in our same court were adjudged for their damages which they sustained by occasion of the detention of that debt; whereof the said defendant is convict, as appears *to us on record:* And now, on the behalf of James Mehaffey, surviving partner of Henry Share, John Pedan, John Heehn, Mathias Rank and James Duffy, partners, who did business under the above firm and name of Henry Share & Co., we have understood in our same court that although judgment thereof is given, execution nevertheless for the debt and damages aforesaid still remains to be made to him; wherefore the said James Mehaffey, surviving partner as aforesaid, besought us to grant him a proper remedy in this behalf, and because we are willing that what is just should be done, we command you that by good and lawful men of your bailiwick you give notice to the said Samuel M'Kinney that he be and appear before our Judges at Lancaster, at our County Court of Common Pleas, there to be held on the 26th day of April inst., to show, if anything for himself he knows or can, why the said James Mehaffey, surviving partner, &c., ought not to have his execution

against him for the debt and damages aforesaid, according to the force, form and effect of the recovery aforesaid, if he shall think fit; and further to do and receive what our said court shall then and there consider in this behalf. And have you then and there the names of those by whom you shall so cause him to have notice and this writ."

The defendant pleaded payment, and subsequently added the pleas of *nul tiel record*, and " that the judgment recited in the *scire facias* belongs to the personal representatives of Henry Share deceased." To this latter plea the plaintiff replied " that it does not belong to the personal representatives of Henry Share deceased, but to James Mehaffey, surviving partner of Henry Share, James Pedan, John Heehn, Mathias Rank and James Duffy, who were partners in and owners of the judgment recited, and now is for the use of Frederick Haines."

To this replication of the plaintiff the defendant demurred, and the defendant joined in the demurrer.

Upon the issue on the plea of payment, the jury rendered a verdict for the plaintiff for $9158.15. The court determined the issue upon the plea of *nul tiel record* for the plaintiff, overruled the defendants' demurrer and a motion in arrest of judgment, and rendered a judgment upon the verdict.

The errors assigned were, 1. That the court erred in rendering judgment for the plaintiff on the plea of *nul tiel record*. 2. In overruling the motion in arrest of judgment. 3. In rendering a judgment upon the demurrer against the defendant.

*Frazier* and *Parke,* for plaintiff in error, cited 10 *Serg. & Rawle* 257; 5 *Gill & Johns.* 420; 1 *Watts & Serg.* 257.

*Stevens,* for defendant in error, cited 17 *Johns.* 271; 2 *Watts & Serg.* 181; 2 *Ld. Raym.* 1048; 10 *Serg. & Rawle* 257; 4 *Watts* 458.

The opinion of the Court was delivered by

GIBSON, C. J.—A *scire facias* answers the purpose both of a writ and a declaration; and where a legal title to have execution of the original judgment or recognizance is not set out in it, judgment may be arrested as for want of a cause of action. But execution is to be had only in the name of the legal plaintiff; and what title to the character does this plaintiff show? He has set out the judgment truly as it exists; and as there was no variance between his description and the truth, there was no room for the plea of *nul tiel record*. There is exactly such a record as is stated in the *scire facias;* but it stands as a judgment recovered by Henry Share & Co., and the plaintiff insists that it is a judgment recovered by the firm, which entitles him to execution in his own name as surviving partner. But it would be inconsistent with the

[M'Kinney v. Mehaffey.]

certainty required in judicial proceedings to treat any one as a party whose name does not stand distinctly as such on the record. Mr Justice DUNCAN was right in saying, as he did in *Porter* v. *Cresson*, (10 *Serg. & Rawle* 257), that the parties, plaintiffs and defendants, should be brought by name on the record; but he was wrong in saying, without qualification, that an omission to do so might not be error. The judgment may not be altogether void; but it follows not that a person not named as a legal party to it can, as a legal party, derive advantage or suffer prejudice from it. If parties plaintiff might be ascertained and fixed by extrinsic proofs, so might parties defendant be; and to ascertain the legal ownership of a judgment, or the persons and lands bound by it, would sometimes require another trial by a jury; so that such a judgment, instead of being the end of the suit, would be the beginning of it, and it would not give notice to purchasers. The judgment in the case before us is entitled "Henry Share & Co. v. Samuel Kinney," in accordance with the form of the bond; and though it is legally inoperative as a judgment in favour of the firm, it is good for the party named as the obligee. Nor is the name of the firm cognominal in this instance, as it serves to designate the use or equitable ownership. Nothing in *Porter* v. *Cresson* will be found to militate against this. In that case, the bond and the action were in the partnership name of Cresson, Wistar & Co.; and no more was determined than that the defect, if it were one, could not be taken advantage of on the plea of *non est factum*, which put nothing in issue but the sealing and delivery of the instrument described in the declaration. It was doubted whether the irregularity could have been reached in any way after verdict, as the name of the firm might have been treated as the name of an individual; but it doubtless might have been by a plea in abatement, giving the members of the firm a better writ in their individual names, under which they might deduce title to the bond with proper averments. But, without such averments, there would be no more colour of title in them than in a stranger. In the case before us, the word company is not cognominal, but indicative of the beneficial ownership; and, even under our mixed system, it gives the *cestui que trust* no right to maintain the action while there is a trustee legally capable of maintaining it. We held in *Armstrong* v. *Lancaster*, (5 *Watts* 68), that the equitable use is no part of the title between the plaintiff and the defendant, and that it is surplusage when it is traced in the pleadings. In the present case, the word company is to be rejected for every purpose except to designate the title to the money when it shall be recovered. In contemplation of law, the judgment stands in the name of Henry Share for the use of the firm; and as the other partners were not legal parties to it, a *scire facias* can be brought on it only in the name of his personal representative, to the use of the present plaintiff, who is entitled by survivorship to the

money. The converse of the proposition is to be found in *Mehaffy v. Lyttle*, (1 *Watts* 314), in which it was held that an action on a bond of indemnity to two must be brought by both for an injury to the one.

The motion to set aside the original judgment is not a ground of error; and, if it were, it is far from clear that it ought to have prevailed after the lapse of twenty years, when the witnesses who might have explained the reason of the interlineations must be presumed to have passed away. If the facts were doubtful, it would be in the discretion of the court to award an issue; but it certainly would be rash to destroy the foundation of the *scire facias* by a summary interference in the trial of an issue raised by the pleadings under it.

It is unnecessary to decide the questions raised by the bills of exceptions; but it is not improper to say that we perceive no error in the admission of evidence, or the direction to the jury.

Judgment reversed.