## Vansyckel *versus* Stewart.

1. A special verdict requires the jury to find all the material facts from which the law is to arise, including both disputed and undisputed facts.

2. Whatever is not found in a special verdict is to be considered as not existing ; it cannot be aided by intendment or by extrinsic facts appearing on the record—it must be self-sustaining.

3. An award under the Act of April 6th 1870 (Legal Arbitration), must have all the requisites of a special verdict.

November 13th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1874, No. 71.

This was an action of replevin to April Term 1871 of the court below, brought by Samuel Vansyckel against George S. Stewart and Milton Stewart, for three hundred barrels of oil. The declaration was in the usual form. The defendants averred the taking for rent due by the plaintiff and in arrear under a demise from them to the plaintiff at a weekly rent in oil, as set out in the avowry, amounting in the whole, at the time of the distress, to $2188.29. To the avowry the plaintiff pleaded several pleas not necessary to specify.

The defendants, on the 18th of September 1871, entered a rule to arbitrate the case, and the parties agreed that Benjamin Grant, Esq., should be "legal arbitrator," under the Act of April 6th 1870, Pamph. L. 948, 1 Br. Purd. 80, pl. 20, &c., applying to the counties of Erie, Elk, Crawford and Lawrence only.

Under this act, after the entry of a rule to arbitrate by one party, the other may elect to have a "legal arbitrator ;" in such case "there shall be but one arbitrator, who shall have been duly admitted to practice law in the courts in the county in which the suit is pend-

[Vansyckel v. Stewart.]

ing." The case is to be conducted before the arbitrator much as in trials "before courts and juries," and at the conclusion the arbitrator is to find and report the facts of the case in the form of a special verdict, upon which award judgment shall be entered nisi, to become absolute if no exceptions * * * or motion to set aside be made in twenty days," &c.

The arbitrator awarded as follows :—

" The defendants issued a landlord's warrant for the sum of $2188.29, rent alleged to be in arrears, on the 3d day of February 1871. On the 7th day of February 1871 the plaintiff replevied the goods levied upon under the warrant, being three hundred barrels of refined oil, and filed his declaration, alleging the unlawful taking and detention. The defendants avowed the taking of plaintiff's goods in the usual form, and claim rent due on a lease, dated April 11th 1870, reserving rent as there stated.

" The plaintiff pleaded (the pleas were set out in the award).

" Under all the evidence and the law in this case, the defendants are entitled to recover from the plaintiff an award for the rent due and in arrear thereon from the plaintiff, by virtue and in pursuance of the lease of April 11th 1870, with interest thereon from that date to the filing of this award, with double costs of suit, in accordance with the Acts of Assembly in such case made and provided, &c. Which said award so made, adjudged and decreed, is ordered to be and remain for the use of George S. Stewart and Milton Stewart, defendants.

"And the said arbitrator hereby awards to the defendants, Stewart and Stewart, for their debt, the sum of $2188.29, with interest thereon from the 4th day of February 1871, and costs as aforesaid, amounting to $2548.99.

" Award $2548.99. Interest to November 4th 1873."

The plaintiff took a number of exceptions to the award. One was :—

" The arbitrator did not report and file the facts of the case in the form of a special verdict, as required by statute."

The court overruled all the exceptions and entered judgment on the award.

The plaintiff took a writ of error, and, amongst others, assigned for error the overruling of the above exception and entering judgment on the award.

*H. C. Johns* and *W. R. Bole*, for plaintiffs in error.—A special verdict must find all the facts and refer the law arising from them to the court: 2 Tidd's Pr. 806, 807 ; 1 Troubat & H. Pr. 583, 584 ; Stephen on Pleading 112 ; Wallingford v. Dunlap, 2 Harris 31 ; Kinsley v. Coyle, 8 P. F. Smith 461.

*R. Sherman,* for defendants in error, cited Fenn v. Blanchard, 2 Yeates 543.

[Vansyckel *v.* Stewart.]

Mr. Justice MERCUR delivered the opinion of the Supreme Court January 4th 1875.

This case arises under what the Act of 6th April 1870 declares shall be called a "legal arbitration:" Purd. Dig. 80, pl. 20. The provisions of the act apply to the counties of Crawford, Erie, Elk and Lawrence only. When a party elects to proceed under the act, it declares "there shall be but one arbitrator, who shall have been duly admitted to practice law in the courts of record in the county in which the suit is pending." It thus permits this judicial position to be filled only by one who is learned in the law. All others are excluded therefrom. The manifest design of the statute is to secure an arbitrator in all respects qualified to perform the duties assigned to him, according to the rules and forms of law. Hence, the 5th section of the act *inter alia* proceeds to declare, "the hearing or trial before the arbitrator shall be proceeded in in the same manner and governed by the same rules as trials before courts and juries, so far as the same may be appointed" (applicable). At the conclusion of the trial it is made his duty "to find and report the facts of the case in the form of a special verdict, together with the exceptions taken during the trial to the admission or rejection of evidence, the points of law made by the parties, and his decisions or ruling thereon, and his award or finding in the case." The act further provides, that exceptions may be filed to the arbitrator's decisions of law; and the award may be set aside for causes therein stated. On exceptions filed, "the same shall be in the nature of a writ of error to the Common Pleas or court in which the case is pending." All his rulings and findings may then be reviewed by the court. To enable this to be done intelligently, the act requires the facts to be reported "in the form of a special verdict."

A special verdict requires the jury to find all the material facts in the case from which the law is to arise: Morse *v.* Chase & Co., 4 Watts 456; Wallingford *v.* Dunlap, 2 Harris 31. It concludes conditionally, as the court may declare the law to be on these facts. It must include both disputed and undisputed facts. The court will not infer a fact not found by the jury. It must declare the law on these facts alone. Whatever is not there found must be considered as not existing; Wallingford *v.* Dunlap, *supra;* Thayer *v.* Society of United Brethren, 8 Harris 60 ; Berks County *v.* Jones, 9 Harris 413. As all the essential facts must be found in the verdict, it follows that it cannot be aided by intendment or by extrinsic facts appearing upon the record : Loew *v.* Stocker, 11 P. F. Smith 347, and cases there cited.

The statute does not declare that any issue shall be formed before this legal arbitration may be had. The defendant may enter a rule to arbitrate, under the compulsory arbitration law, before the declaration is filed, and the plaintiff may before plea is put in.

[Vansyckel v. Stewart.]

The party who enters the rule to arbitrate does not know that it will result in a "legal arbitration." He therefore initiates his proceeding under the general law, as he has an undoubted right to do.

Whether or not, other portions of the record show the facts, is irrelevant. The special verdict must find and state the facts. A party shall not be compelled to search the papers on file for either facts or allegations not found in the report. The special verdict must be self-sustaining or fall. An examination of the award in this case shows it to be very defective. The date of the lease may be said to have been found, although not with commendable precision; but there is no finding as to when the term commenced, nor when it was to end; nor what property was leased, nor at what rental; nor when or how it was to be paid.

It finds and declares under all the evidence and the law in the case, the defendants are entitled to recover from the plaintiff an award for the rent due and in arrear, and then names the sum. What that evidence is, of which these conclusions of law are predicated, the report fails to disclose. It would be folly for the court to attempt to review the conclusions of law without a knowledge of the substantial facts on which they rest. So far as the facts are shown by this "special verdict," the award might as well have been for $100 as for $2100 and upwards, or for any intermediate sum. The court would have been as unable to say then, as they are now, whether the facts sustained the conclusions of law. This power of review, given to the court, is not a mere matter of form, but is one of substance. It was to secure a correct application of law to the facts in the case. A party, who by the operation of this statute, is deprived of his right of trial by jury may insist upon a substantial observance of all its requirements.

This report then, was not only defective in form but also in substance, and we think the learned judge erred in not setting it aside. The third assignment is sustained. This view of the case makes it unnecessary to consider the other assignments.

Judgment reversed, report and award set aside, and a *procedendo* awarded.