## Dunning *versus* Heller.

103 269
182 29

1. Where a defendant in a suit on a promissory note allows the note to be put in evidence without objection, he thereby waives any right which he might have had, under rule of court, to require proof of his signature.

2. On the back of a promissory note made by R. H. to his own order, was the following endorsement : "I hereby certify that I own and am worth in personal and real estate in the county of Luzerne, State of Pa. $4,000, over and above all indebtedness, and that the within obligation is given for goods bought by me of the Queen City Fertilizing Company, and the same is in full settlement of all claims and demands of every name and nature between said company and myself up to date of this obligation.—RENATUS HELLER." In an action on said note by an alleged bona fide holder for value :

*Held*, that this was a sufficient endorsement of the note to satisfy the requirement of the commercial law, and that the words preceding the signature did not render it invalid as such.

April 11th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Luzerne county :* Of January Term 1883, No. 388.

Assumpsit, by D. M. Dunning against R. Heller, on a promissory note.

The note and the indorsements thereon were as follows :

"Post-office, Dorrance Centre,
County of Luzerne, State of Pa.
DORRANCE, Feb. 23d., 1880.

Six months after date, I promise to pay to the order of myself one hundred and ninety-two dollars at First National Bank at Hazleton, Pa., value received with use.

RENATUS HELLER."

INDORSEMENTS.

"I hereby certify that I own and am worth in personal and real estate in the county of Luzerne, State of Pa., $4,000, over and above all indebtedness, and that the within obligation is given for goods bought by me of the Queen City Fertilizing Company, and the same is in full settlement of all claims and demands of every name and nature between said company and myself up to date of this obligation.

"RENATUS HELLER.
QUEEN CITY FERTILIZING COMPANY,
H. MORAN."

The plaintiff, who was holder of the note, claimed to have taken it bona fide, before maturity, and without notice of any defence.

The suit was originally brought before an alderman, from

[Dunning *v.* Heller.]

whose judgment an appeal was taken January 7th 1881, and the same day a plea was filed, and also an affidavit of defence denying the genuineness of the defendant's signature to the endorsement.

· The case was subsequently referred to arbitrators, and an award rendered in favor of the defendant. The plaintiff then took an appeal to common pleas, and there the note was put in evidence, and no objection made to its admission on the part of the defendant.

. On motion, a compulsory non-suit was granted by the court, based upon the following reasons, as stated by WOODWARD, J. :

" Well, gentlemen, I am obliged to take a certain view of this case. I will protect the rights, however, of all parties by granting a rule which will enable us to examine it more thoroughly at another time. Under my view of the case, at present, I hold that this note should have been indorsed by the payee in order to pass title to a third party ; secondly, that it has not been so indorsed ; thirdly, that the signature claimed to be an indorsement is intended to apply or does apply to the certificate or contract on the back of the note, and is not such an indorsement as the law contemplates is necessary to pass title to the note. I do not think that the signature in question can have a two-fold force—one as a contract growing out of the certificate, and the other as an indorsement of negotiable paper. For these reasons the motion for non-suit must prevail. We enter a rule at the same time to show cause why the non-suit shall not be taken off to be placed on the argument list."

A rule to take off the non-suit was subsequently discharged, and judgment was entered for the defendant. Whereupon the plaintiff took this writ of error, assigning for error the refusal of the court to take off the non-suit.

*John McGahren* (with whom was *Garrick M. Harding*), for plaintiff in error.—The defendant's transfer of the note in suit, when consummated by delivery, was sufficient to render him liable as maker, and his liability did not spring from his indorsement alone. The defendant was both maker and payee, and his promise to pay to his own order, six months after date, at a place specified, was certain and unconditional. The indorsement that " the within obligation is given for goods bought by me," followed by a delivery, constituted a sufficient transfer. The unnecessary averment in the certificate of transfer, that the maker owned property of a certain value in excess of his liabilities should not prejudice or affect it. · The certificate does not contain any condition or contingency which would delay or impede the collection of the note. As was said by Mr. Justice READ, in Zimmerman *v.* Anderson, " Instead of clogging its

[Dunning v. Heller.]

negotiability it adds to it, and gives additional value to the note:" 67 Pa. St. 422. No particular form of indorsement is prescribed by law in order to negotiate paper: Ege v. Kyle, 2 Watts 223. The indorsement is usually made by writing one's name across the back of the paper. "And, if any other words are placed over or precede the signature, it is sufficient, if they import a present intent to transfer the same thereby: Story on Promissory Notes 121; Thorne v. Woodhull, 29 Ill. 92; Chaworth v. Beech, 4 Vesey 555. The indorsement may be in the form of a guaranty: Partridge v. Davis, 20 Ver. 499; Upham v. Prince, 12 Mass. 14; Myrick v. Hasey, 27 Me. 9; Childs v. Davidson, 38 Ill. 438. No allusion was made to the affidavit of defence at the trial, but the note and indorsements were admitted in evidence without objection. This was a waiver of the right to demand proof of signatures: Diamond Coal Co. v. Schultz, 71 Pa. 180; Wharton on Evidence, § 1136; Greenleaf on Ev. vol. 1, p. 169.

*Hubbard B. Payne*, for defendant in error.—If there were nothing except the face of the paper in the suit, nothing whatever on the back, there could be no recovery on it: Daniels on Negotiable Instruments, § 130, Note 3. Nor is there anything on the back of the instrument which makes it negotiable. The affidavit of defence denied the genuineness of Heller's signature on the back. By rule 15 of the court of common pleas of Luzerne county, when, in such an action as this, a signature is denied by affidavit, the plaintiff must prove the signature before offering the note in evidence. This was not done in the present instance, and no indorsement whatever has been legally shown. But even if the signature of Heller were genuine, it does not amount to a legal indorsement. Indorsement technically means, writing one's name on an instrument with intent to incur the liability of a party who warrants payment of the instrument, provided it is properly presented for payment to the principal and the indorser duly notified of his refusal: Daniels on Negotiable Instruments, § 667. The writing on this instrument is simply, First, a certificate that Heller has $4,000 worth of property; Second, that the paper was given in settlement of claims between him and the Queen City Fertilizing Company.

Mr. Justice PAXSON delivered the opinion of the court, April 30th 1883.

The note in controversy was offered in evidence without objection on the part of defendant. This disposes of the argument based on the rule of court and the affidavit of defence. Conceding the right of the defendant to demand proof of the

signature, he waived it by allowing the note to go in without objection.

The learned judge below, however, non-suited the plaintiff, for the reason that the note was not indorsed. It was made payable to the order of the maker. His name was written across the back of the note in the place where indorsements are usually placed. Over his signature we find the following words :

"I hereby certify that I own and am worth, in personal and real estate, in the County of Luzerne, State of Pa., $4,000 over and above all indebtedness, and that the within obligation is given for goods bought by me of the Queen City Fertilizing Company, and the same is in full settlement of all claims and demands of every name and nature between said company and myself up to the date of this obligation.

(Signed) RENATUS HELLER."

The learned judge in granting the motion for a non-suit, said : "I do not think that the signature in question can have a two-fold force—one as a contract growing out of the certificate, and the other as an indorsement of negotiable paper."

We do not think the words over the indorsement amount to a contract. They contain a statement as to the indorser's pecuniary responsibility and the consideration of the note. It was unnecessary and perhaps foolish for the maker to put all this over his signature as indorser. But he has done it, and as it does not vary his contract as maker and indorser, we are unable to say, as a matter of law, that the note was not indorsed as required by the commercial law. Nor was the learned judge strictly accurate in saying that the signature cannot have a two-fold force. The indorser may waive protest over his indorsement, which manifestly gives a two-fold character to his signature and affects the rights of the parties.

It was held in Ege *v.* Kyle, 2 Watts 222, that an indorsement on a negotiable note of a receipt on account of a quantity of iron, "the net proceeds of which are to be credited on the within," and which were afterwards credited on it by indorsement, did not destroy its negotiable character. The usual form of indorsement is by writing the name of the indorser across the back of the note. When the note is payable to order any order in writing is sufficient which shows an intent to pass the title. Thus : "I give this note to A., George Chaworth," was held to be a sufficient indorsement : Chaworth *v.* Beech, 4 Vesey 555. And where the indorsement is in the form of a guaranty, it has been held sufficient : Partridge *v.* Davis, 20 Vermont 499 ; Upham *v.* Prince, 12 Mass. 14 ; Myrick *v.* Hasey, 27 Me. 9 ; Childs *v.* Davidson, 38 Ill. 438 ; Watson *v.* McLaren, 19 Wend. 557.

[Earley's Appeal.]

This disposes of the single point in the case. No other question is properly presented upon the record and no other will be discussed.

Judgment reversed and a procedendo awarded.