## Oil City *v.* L. K. Hartwell, Appellant.

*Municipal lien—Scire facias—Judgment for want of affidavit of defence —Statement—Act of May 25,* 1887—*Practice, C. P.*

A scire facias sur municipal claim takes the place of a statement; and the defendant must file an affidavit of defence to it, to prevent judgment from being taken against him.

A judgment on a scire facias sur municipal claim for want of an affidavit of defence, will not be stricken off on the ground that no statement was filed in the case.

Argued Oct. 3, 1894.    Appeal, No. 292, Oct. T., 1894, by defendant, from order of C. P. Venango Co., Aug. T., 1893, No. 26, discharging rule to strike off judgment.  Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Rule to strike off judgment.

From the record it appeared that, on Dec. 27, 1893, plaintiff, a municipal corporation of the third class, issued a scire facias sur municipal lien, returnable the fourth Monday of the following January, being the 22d day of the month.  This writ was served on the defendant Jan. 5, 1894.  On Jan. 25th, three days after the return day, plaintiff's attorney, by præcipe filed in the office of the prothonotary, directed judgment to be entered against defendant for want of an affidavit of defence. On Feb. 5th, defendant's attorney, on filing an affidavit of defence, discovered the entry of judgment, and at the next court, viz: Feb. 12, 1894, moved to strike it off.  A rule to show cause was granted, which, upon argument, was discharged by the court, no opinion being filed.

*Error assigned* was above order.

*F. W. Hays*, for appellant, cited: Acts of May 23, 1889, § 22, P. L. 324; act of May 25, 1887, § 4, P. L. 272; Marlin v. Waters, 127 Pa. 179.

*Isaac Ash, P. M. Speer* with him, for appellee, cited: McKinney v. Mehaffey, 7 W. & S. 276; Kean v. Franklin, 5 S. & R. 146; Burrows v. Heysham, 1 Dal. 133; Wampler v. Shissler, 1 W. & S. 365; Ridgway v. Hess, 1 Browne, 347.

PER CURIAM, Oct. 15, 1894:

If the judgment against defendant for want of an affidavit of defence was not unauthorized neither of the specifications of error can be sustained. They are both predicated of the assumption that the judgment was without authority of law, because no copy of plaintiff's claim was served on defendant, and hence plaintiff was not entitled to judgment. This assumption and the conclusion drawn therefrom would be correct if it were not for the fact that the writ of scire facias, in cases such as this, takes the place of what, under the old practice, was called a "declaration" or narr, and under the new a "statement." As was said by Mr. Chief Justice GIBSON in McKinney v. Mehaffey, 7 W. & S. 276, "a scire facias answers the purpose both of a writ and a declaration." No change in that regard has been effected by the act of 1887. The writ, served on the defendant in this case more than fifteen days before return day, contains every ingredient necessary to a complete statement of claim under the provisions of that act. The municipal act of 1889, art. XV, sec. 22, relating to municipal liens, provides "That reference being made to the number and term to which, and the docket and page in which, such claim or claims are registered, in the præcipe instituting the suit, it shall not be necessary to file a copy of the same." In this case, that provision was strictly complied with, and the defendant was thus furnished with all the information she was entitled to, or could have had if plaintiff had served her with a copy of its claim.

The record shows that the case was ripe for judgment when the same was entered, and hence there was no error in discharging the rule to show cause why it should not be stricken off.

Judgment affirmed.