Stephen R. Smith, Frank O. Smith, Bertrand Chaffee, Isaiah Gardinier, Avery D. Jones, Jay Borden, Andrew B. Neff, Frederick A. Clark, Philip Harbold, Kate E. Cummings, Aaron Ostrander, Henry Eaton, Executor of the estate of Rufus C. Eaton, deceased, and Henry Eaton as attorney in fact for Mary D. Eaton and Elmira E. Hedges, doing business in the Name of Farmers' Bank of Springville, *v.* J. B. Shippey, Lester S. Prevost, George F. Dana, C. J. Reed, Peter Ace, C. A. Carr, J. H. Ace, H. E. Jennings, J. D. Inman, David Michaels, John D. Arnts, Benj. Bartron, J. H. Lyman, Theodore Fisher and W. S. Martin.

*Promissory notes—Negotiability—Delivery—Indorsement of partial payments.*

Indorsement of payments on the back of a promissory note, made after the date of the note, but before its delivery, do not destroy the negotiability of the note.

A negotiable promissory note dated July 8, and signed by fifteen persons, had indorsements on it of partial payments dated July 11, made by ten of the signers.   The note was finally delivered on July 13.   *Held*, that

the indorsements did not destroy the negotiability of the note, inasmuch as the amount due, although not expressly stated, could be ascertained with mathematical certainty.

Argued Feb. 27, 1895. Reargued Feb. 22, 1897. Appeal, No. 144, Jan. T., 1895, by plaintiffs, from judgment of C. P. Wyoming Co., Jan. T., 1893, No. 109, on verdict for defendants. Before Sterrett, C. J., Green, Williams, McCollum and Mitchell, JJ. On the reargument before Sterrett, C. J., Williams, McCollum, Mitchell, Dean and Fell, JJ. Reversed. Sterrett, C. J., dissents.

Assumpsit on a promissory note. Before Sittser, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial plaintiffs presented among others the following point:

The note in suit is a negotiable instrument, and its negotiability is not destroyed by reason of the indorsements of the payments thereon. *Answer:* Refused. [1]

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* among others was (1) above instruction, quoting it.

*W. E. Little* and *C. O. Dersheimer*, with him *C. A. Little, Joseph Moore* and Ross, for appellant.—The note in suit lacks no element of negotiability. The time, place, payee and amount are certain. There was no modification of the note after its execution, nor was the amount due omitted to be stated in figures on the face of the note, as was erroneously assumed by the trial court. The note was signed by the defendants between the 8th of July, 1891, its date, and July 13. The payments were indorsed July 11. It was a running transaction among so many defendants, between the above dates. But the transaction was none the less one; and the indorsement of payments being made before the execution was completed, became an incident of and part thereof: Ege v. Kyle, 2 Watts, 222; Bank v. Morgan, 35 W. N. C. 484; Woods v. North, 84 Pa. 407; Zimmerman v. Anderson, 67 Pa. 421; Ernst v. Steckman, 74 Pa. 13; Valley Bank v. Crowell, 148 Pa. 284; Munn v. McDonald, 10 Watts, 270.

A bona fide, holder of a negotiable note, for value, without notice, can recover, though he took it under circumstances which ought to excite the suspicion of a prudent man: Phelan v. Moss, 67 Pa. 59; Nat. Bank of Clarion v. Morgan, 165 Pa. 199; Lancaster Bank v. Garber, 178 Pa. 91.

*James W. Platt*, with him *Chas. E. Terry* and *Edwin J. Jorden*, for appellees. — The essential element of a negotiable promissory note is that it should be certain. Certainty is required, first, as to the payee; second, as to the maker; thirdly, as to the amount to be paid; fourthly, as to the time when the payment is to be made; and fifthly, as to the fact itself of payment: 8 Wait's Actions and Defences, 105; First National Bank v. Bynum, 84 N. C. 24, 37 Am. Rep. 604; 1 Wait's Actions and Defences, 538.

Certainty is a great object in mercantile instruments: 1 Wait's Actions and Defences, 548; Bunker v. Athearn, 35 Maine, 364; Hays v. Gwin, 19 Indiana, 19.

The indorsement of payment on the back of the note destroyed its negotiability: Overton v. Tyler, 3 Pa. 348; Sweeney v. Thickstun, 77 Pa. 131; Woods v. North, 84 Pa. 407; Johnston v. Speer, 92 Pa. 227; Citizens N. Bank v. Piollet, 126 Pa. 194; Phila. Bank v. Newkirk, 2 Miles, 442; Iron City Nat. Bank v. McCord, 139 Pa. 52; Way v. Smith, 111 Mass. 523; Hubbard v. Mosely, 11 Gray, 170; 3 Randolph on Commercial Paper, 1667; Croman v. Stull, 119 Pa. 91; Hart v. Withers, 1 P. & W. 285; Rowan v. Rowan, 29 Pa. 181; Schoneman v. Fegley, 7 Pa. 433; Coughenour v. Suhre, 71 Pa. 462.

OPINION BY MR. JUSTICE DEAN, July 15, 1897:

The action was assumpsit upon a note, of which the following is a copy:

"$833 33/100.               TUNKHANNOCK, July 8th, 1891.

"One year after date, for value received, we or either of us promise to pay J. Thompson & Co., or order eight hundred and thirty-three 33/100 dollars, at the Wyoming National Bank of Tunkhannock, Pa., with interest at 6 per cent per annum, interest payable annually."

This was signed by all of defendants, fifteen in number.

On the back of the note were these indorsements : " July 11th, 1891, Rec'd of J. C. Reed, thirty-three and 33/100 dollars, to apply on within- note." There was a like indorsement of payment of a like amount as to seven others of the drawers ; and indorsement of payment by one other in sum of $66.66 ; and one other in sum of $16.66. Then followed the indorsement of the payees, " J. Thompson & Co."

On notice from defendants, before trial, the plaintiffs proved they were bona fide holders, for value, before maturity, without notice of any defense by the drawers. The defendants offered evidence tending to prove the note represented a part of the purchase price of a horse sold to twenty-five persons by Thompson & Company, through an agent, Shaw ; that the whole price was $2,500, for which three notes of a like amount, $833.33, payable in one, two and three years, were given, and that these notes were not to become obligatory on any one of the purchasers, until the whole twenty-five had signed ; that this note was not so signed. Further, that gross misrepresentations had been made to them by Shaw, as to the age and soundness of the horse. The court below, being of opinion that the indorsements destroyed the negotiability of the note, submitted the evidence to the jury on both particulars set up by the defendants ; there was a verdict for defendants, and judgment having been entered thereon, plaintiffs now appeal, assigning for error the refusal of the court to affirm its first point, as follows :

" The note in suit is a negotiable instrument, and its negotiability is not destroyed by reason of the indorsements of payments thereon."

The reasons for denying the point fairly appear in the language of the court below as follows :

" Here was a note dated July 8, 1891, due one year from date, and called for the payment of $833.33. Now, nothing can be paid on that note until the year is up, unless by the agreement of the parties and a modification of the contract which the parties then enter into. It seems from the face of the note, by the indorsements that were upon it at the time the plaintiff purchased it, that on July 11, 1891, the sum of thirty-three dollars was paid by various parties and indorsed upon the back of the note. That was before the note was due, and could only have been placed there by the consent of those who held the note at

the time, through a modification of the contract as originally written. Now the parties have agreed to modify this contract, and that they would agree to treat certain portions of this note as due before the year was up, and permit payments to be made. That reduced the amount of the note from $833.33 to a different amount, which is not stated on the face of the paper or anywhere else upon it. A note or instrument cannot be negotiable unless the amount due upon it is stated in writing or figures. The amount due upon the note in suit is nowhere stated in figures or writing upon it. When this note left the hands of these parties, it was negotiable paper, and remained such until it was modified by a different contract by the parties who held it. When they received any amount before the note was due, it modified the contract, so it is no longer a negotiable instrument, for the reason that the amount due is no longer stated on the face of the paper."

The ruling of the court is based on the assumption that the note was executed on the 8th, and the contract modified by accepting payment on the 11th, three days after; that is, the payees of the note, to whom it was delivered on the 8th, subsequently, on the 11th, agreed to a change of the contract with part only of the drawers, thereby rendering the amount due uncertain, a certain amount no longer appearing either in words or figures on the face of the note. Taking the date, as of the 8th, and the indorsement as of the 11th, the presumption that the indorsements were made after delivery would be warranted; but the court below seems to have overlooked the undisputed fact that the final execution of the note by delivery did not take place until the 13th. Three of the drawers signed after the indorsement of the payments. So there was no modification of the contract as between the drawers and the payee after delivery; the indorsements were made as between the drawers themselves. Therefore, what would be the effect as to other drawers if part of them, after delivery to the payee, with his consent, modified the original contract, does not arise. When executed by delivery the contract was precisely what it now appears.

The note on its face being negotiable and indorsed by the payee to plaintiff, who took it for value without notice of any fraud as between the original parties to it, did the indorsements on the back destroy its negotiability, so that plaintiff took it

subject to any defense the drawers had as between them and the payees?

"It is a necessary quality of commercial paper that it should be simple, certain, unconditional, not subject to any contingency:" Woods v. North, 84 Pa. 407. The note in question, in that case, had a clause "and five per cent collection fee if not paid when due." This court held that these words imported into the paper an undoubted element of uncertainty, because the amount of the collection fees could not be arbitrarily determined by the parties; a reasonable compensation was all that could be recovered, notwithstanding the stipulation. Unquestionably, if the five per cent was not unalterably fixed; if only a reasonable compensation, which might be two, three or four per cent, could be added, then, the face of the note signified no certain amount; it might just as well have been written, "with reasonable charges for collection." But, how does the indorsement of a payment before execution render the amount called for on the face of the note uncertain? It is a mere matter of computation, which by reason of numerous payments may be burdensome, but nevertheless, the mathematical result is absolutely certain. In Ege v. Kyle, 2 Watts, 222, there was indorsed on the note, "Received on the within note, six tons, nine hundred one quarter and nineteen pounds of bar iron, the net proceeds arising from the sale of which are to be credited on the within, which is $397.50." The court below ruled that this indorsement did not affect the negotiability of the paper. And while, as argued by appellee, the principal contention in this court was whether the suit had been properly brought in the name of Kyle, nevertheless, that was not the only one, for this point must have been passed on when this court decided: "The other errors are not supported." Although, the case is meagerly reported, it is quite obvious that counsel had but little confidence in his point, and it was probably not pressed in either court. Ege v. Kyle was approved as a precedent on this point in Dunning v. Heller, 103 Pa. 269, PAXSON, J., delivering the opinion, saying: "It was held in Ege v. Kyle that an indorsement on a negotiable note of a receipt on account of a quantity of iron, 'the net proceeds of which are to be credited on the within,' did not destroy its negotiable character." Such indorsement could not render the amount less certain than a promise to pay

with interest; yet such a stipulation does not destroy the nego-
tiability of the paper. "A negotiable note may be made pay-
able with interest from its date, and if more than lawful interest
be stipulated for, it does not, in Pennsylvania, make the con-
tract void, but only the usury:" Woods v. North, supra. In
the case of Bank v. Morgan et al., 165 Pa. 199, the suit was on
a note of the precise amount of this one, and given for a like
consideration. The question was as to the sufficiency of an
affidavit of defense, averring precisely the same misrepresenta-
tions and fraudulent conduct on part of payee, and that plain-
tiff had notice of the same, as were set up by the drawers in
this case. It was held by this court that the note was negoti-
able and that the affidavit was insufficient. But, although a
credit was indorsed by the payees on the back of the note of
$116.66, neither the affidavit, the counsel for defendants, the
court below nor this court intimate that fact affected its nego-
tiability; all assumed it did not. The rarity of cases on a ques-
tion which must be of such frequent occurrence as indorsement
of payments on negotiable paper only indicates that since Ege
v. Kyle, decided more than sixty years ago, the profession gen-
erally has assumed that such indorsements do not affect the
negotiability of such paper. We are of the opinion that these
indorsements did not take from the note its character as com-
mercial paper, and that the learned judge of the court below
erred in deciding otherwise.

It is wholly immaterial who made the payments; when made,
they were to that extent in relief of the drawers' liability, and
being made while the paper was still in their possession, the
presumption, as between them and the bona fide holder, is abso-
lute that they were made with their authority.

The note being negotiable, the suit in favor of this plaintiff
can be sustained jointly against all the drawers.

The judgment is reversed, and a v. f. d. n. awarded.