## Woods *versus* North *et al.*

The insertion in a promissory note of the clause, "and five per cent. collection fee if not paid when due," renders the note uncertain, destroys its negotiability and relieves the endorser from liability thereon.

May 29th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Huntingdon county :* Of May Term 1877, No. 99.

Debt by James North and others, trading as the Union Bank of Huntingdon against W. H. Woods, endorser of the following note:—

" $377.                        Huntingdon, Pa., May 5th 1875.

Sixty days after date I promise to pay to the order of W. H. Woods at the Union Bank of Huntingdon, three hundred and seventy-seven dollars and five per cent. collection fee if not paid when due, without defalcation, value received.

No. 14915.   Due July 7th.            SAMUEL STEFFEY."
    Endorsement—" W. H. WOODS."

" I waive protest, demand and notice of non-payment on the within note, July 7th 1875.
                                        W. H. WOODS.
    $7 paid on the within note July 30th 1875."

The defendant originally pleaded *nil debet*, to which he subsequently added the pleas of payment with leave, &c., and usury.

Upon the trial, before Orvis, A. L. J., it appeared that the note in suit was the renewal of a note which had been originally discounted by the bank for the benefit of the drawer on the 28th of August 1871, and had been renewed from time to time thereafter. It was also in evidence that the note was first discounted at the instance of Woods, who was a stockholder and director in the bank, and that upon the subsequent renewal the maker paid a discount in excess of the legal rate.

The defence was that the note by reason of the insertion of the clause " and five per cent. collection fee, if not paid when due," was not negotiable and therefore the defendant was not liable on his endorsement. The note was admitted in evidence under objection made on this ground.

The defendant submitted the following points, to which are appended the answers of the court :—

1. That under the evidence in this case the plaintiffs are not entitled to recover.

Answer. " We refuse to instruct you as requested in this point, but instruct you directly the reverse, that they have a right to recover whatever may be due upon this debt."

2. That if the court refuse to instruct the jury as prayed for in

the first point, then the defendant asks the court to instruct the jury that the defendant is not liable to pay the five per cent. for collection.

Answer. "We refuse to so instruct you. The contract in the note was, that if it was not paid at maturity, the maker, Steffey, would pay five per cent. additional for collection fee. And Mr. Woods endorsed that contract and made himself liable to pay it if Steffey did not."

In their general charge, the court, *inter alia*, said:—

"It is urged on part of the defendant that the addition of these words, 'And five per cent. collection fee if not paid when due,' destroys the negotiable character of this note, and relieves him from any liability upon it as an endorser. Objection was made to the admission of this note in evidence, and we now instruct you as matter of law, that the addition of these words does not destroy the negotiability of the note, and it does not release Mr. Woods, the defendant, from his liability as endorser upon it."

The verdict was for the plaintiff for $306.93; and after judgment the defendant took this writ, assigning for error the admission of the note in evidence, the answers to his points, and the foregoing portion of the charge.

*D. W. Woods* (with whom were *Woods, p. p.*, and *Williamson*), for plaintiff in error.—A promissory note must be for a fixed and certain sum, and not for an amount that is variable or subject to any contingency : Story on Bills, sect. 42 ; Story on Prom. Notes, sect. 20–27 ; 1 Parsons on Notes 37, 38 ; Bayley on Bills, ch. 1, sect. 6 ; Cook *v.* Saterlee, Redf. & Big.'s Lead. Cas. on Bills of Ex. and Prom. Notes 8 ; Philadelphia Bank *v.* Newkirk, 2 Miles 442 ; Patterson *v.* Poindexter, 6 W. & S. 227 ; Overton *v.* Tyler, 3 Barr 346 ; Sweeney *v.* Thickstun, 27 P. F. Smith 131 ; Ayrey *v.* Fearnsides, 4 M. & W. 168 ; Fralick *et al. v.* Norton *et al.*, 2 Mich. 130. Here the clause, "and five per cent. collection fee if not paid when due," renders the amount uncertain and variable. On the day the note falls due the amount is $377 ; on the next day it is $395.85. Can it be contended for one moment that the amount to be paid is entirely certain ? If a valid note, does the endorser know at the time of his endorsement which of these amounts he will be called upon to pay ? What obligation was there upon the endorser to pay the five per. cent. for collection ? His liability was fixed when he endorsed the note, and could neither be increased or diminished thereafter. If the note had a clause waiving the exemption laws, would his endorsement make this waiver the contract of the endorser ?

*K. Allen Lovell*, for defendants in error.—The amount is not so uncertain or contingent as to destroy the negotiability of the note.

[Woods v. North.]

The cases cited by plaintiff in error are distinguishable from this case, for in them to ascertain the true amount of the notes sued upon it was necessary to resort to external evidence. Here there is no such necessity as the amount appears on the face of the instrument. In Patterson v. Poindexter, the instrument did not contain an express promise to pay, and in Overton v. Tyler and Sweeny v. Thickstun, contained warrants of attorney. In Nickerson et al. v. Sheldon, 33 Ill. 372, an instrument similar to the one in controversy was held to be negotiable. The tendency of our own and the courts of other states is to a more liberal construction of the law of commercial paper than formerly obtained: Zimmerman v. Anderson, 17 P. F. Smith 422; Hodges v. Shuler, 22 N. Y. 114.

The liability of the endorser is as broad as the contract of the maker. The exemption clause in a note is not analogous to this case as there the waiver is of a right personal to the maker.

Mr. Justice SHARSWOOD delivered the opinion of the court, June 11th 1877.

It is a necessary quality of negotiable paper that it should be simple, certain, unconditional, not subject to any contingency. It would be a mere affectation of learning to cite the elementary treatises and the decided cases which have established this principle. It is very important to the commercial community that it should be maintained in all its rigor. Applying it to the note sued upon in this case, we are of opinion that it violates this rule. If it had been made payable at sixty days, with five per cent., it would have been objectionable as usurious on its face. It would not however on that account have invalidated the note or destroyed its negotiability. A negotiable note may be made payable with interest from its date, and if more than lawful interest is stipulated for, it does not in Pennsylvania make the contract void, but only the usury. Hence such a note is sufficiently certain. It is payable at maturity with lawful interest. But, in the paper now in question there enters as to the amount an undoubted element of uncertainty. It is a mistake to suppose that if the note was unpaid at maturity, the five per cent. would be payable to the holder by the parties. It must go into the hands of an attorney for collection. It is not a sum necessarily payable. The phrase "collection fee" necessarily implies this. Not only so, but this amount of percentage cannot be arbitrarily determined by the parties. It must be only what would be a reasonable compensation to an attorney for collection. This, in reason and the usage of the legal profession, depends upon the amount of the note. Five per cent. would probably be considered by a jury as a reasonable compensation upon the collection of a note of $377. But if it were $3000 they would probably think otherwise, and certainly

[Woods *v.* North.]

so if it were $30,000. How then can this note be said to be certain as to its amount or that amount unaffected by any contingency? Interest and costs of protest after non-payment at maturity are necessary legal incidents of the contract and the insertion of them in the body of the note would not affect its negotiability. Neither does a clause waiving exemption, for that in no way touches the simplicity and certainty of the paper. But a collateral agreement as here, depending too as it does upon its reasonableness, to be determined by the verdict of a jury, is entirely different. It may be well characterized, like an agreement to confess a judgment was by Chief Justice GIBSON, as "luggage" which negotiable paper, riding as it does on the wings of the wind, is not a courier able to carry. If this collateral agreement may be introduced with impunity what may not be? It is the first step in the wrong direction which costs. These instruments may come to be lumbered up with all sorts of stipulations, and all sorts of difficulties, contentions and litigation result. It is the best rule *obsta principiis.*

Judgment reversed.