Statement of Facts.

CITIZENS N. BANK v. V. E. PIOLLET.

ERROR TO THE COURT OF COMMON PLEAS OF BRADFORD
COUNTY.

Argued March 21, 1889—Decided May 6, 1889.
[To be reported.]

A promissory note having on its face the memorandum: " This note is
given for advancements, and it is the understanding it will be renewed
at maturity," is not an absolute, unconditional contract to pay the money
at maturity, and it is therefore not a negotiable instrument upon which
an indorser is liable upon his indorsement.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
WILLIAMS, JJ.

No. 166 January Term 1889, Sup. Ct.; court below, No. 311
September Term 1887, C. P.

On June 16, 1887, the Citizens N. Bank of Towanda brought
assumpsit against Victor E. Piollet. Issue.

At the trial on November 20, 1888, before WILSON, P. J.,
4th judicial district, the plaintiff offered in evidence a note,
indorsed by the defendant and protested for non-payment, which
read as follows, the memorandum in the margin being written
in red ink:

$500.                         TOWANDA, PA., Feb. 20, 1887.

Three months after date the Eureka Mower Co.
promise to pay to the order of V. E. Piollet five hun-
dred dollars at the Citizens National Bank of Towanda
without defalcation for value received with interest and
without grace.

No. 2717..                         EUREKA MOWER CO.,

Attest: E. T. Fox, Pres't. By G. W. Buck, Treas.

*This note is given for ad-
vancements and it is the
understanding it will be re-
newed at maturity.*

The defendant objected that the words written upon the
face of the note made the time of payment uncertain and de-
stroyed the negotiability of the paper; therefore, the defendant
was not liable thereon.

By the court: The objection is sustained, offer refused: ex-
ception.[1]

Arguments.

The plaintiff again offered the note, including the memorandum, to be followed by evidence that the Eureka Mower Co., in order to take it up, presented the note [a note?] at the bank and offered to renew it with Col. Piollet, the defendant, here, as indorser; that they asked him to indorse it, but that he declined; that this writing was put upon the paper offered by the defendant as one of the parties making it.

The defendant objected that any subsequent act of the Eureka Mower Co. and the defendant, would not make negotiable a note which was not negotiable at the time of the indorsement.

By the court: The objection is sustained, offer refused: exception.[2]

The plaintiff then moved to amend the statement of claim by striking out the words, "This note is given for advancements, and it is understood it will be renewed at maturity," written on the margin in red ink. Amendment allowed.

The plaintiff then again offered in evidence the note, without the memorandum written in red ink on the margin.

The defendant made the objection heretofore made.

By the court: The objection is sustained, offer refused; exception.[3]

No further testimony being offered, the court directed the jury to return a verdict for the defendant. A verdict was rendered accordingly, and judgment entered thereon, when the plaintiff took this writ, assigning as errors:

1–3. The refusal of plaintiff's offers.[1 to 3]

*Mr. D'A. Overton* (with him *Mr. B. M. Peck*), for the plaintiff in error:

The words written in red ink on the margin could be detached, leaving the note intact. The place where they were written, the different kind of ink used, and the words themselves, indicate nothing more than a willingness on the part of the bank to grant a renewal if it should be asked for. The memorandum was therefore no part of the note, and formed no part of the contract: Byles on Bills, 4th Am. ed., 75*; Chitty on Bills, 162–3; 1 Randolph on Com. Paper, § 170; Overton v. Tyler, 3 Pa. 346; Tuckerman v. Hartwell, 3 Me. 147; Brill v. Crick, 1 Gale 441; Hodges v. Shules, 22 N. Y. 114; Dinsmore v.

Duncan, 57 N. Y. 573; American N. Bank v. Bangs, 42 Mo. 450 (97 Am. Dec. 349); Woodworth v. Bank of America, 19 Johns. 391.

2. If, however, the memorandum on the margin was a part of the note and such a part of it as to destroy its negotiability, there was yet a distinct offer made by the plaintiff to prove an agreement to renew by all the parties to the instrument at the time it was discounted at the bank. It was not an offer to prove anything contrary to the writing itself, but to prove that the defendant, with the other parties, agreed to renew the note if not paid at maturity. And if his signature on the back of the contract was not enough to bind him by its terms, then this offer was necessary; otherwise not. The offer was not objectionable under the statute of frauds : Uhler v. Farmers N. Bank, 64 Pa. 406 ; Malone v. Keener, 44 Pa. 107 ; Innes v. Munro, 1 Exch. 473.

*Mr. Edward Overton, Jr.,* (with him *Mr. Elhanan Smith*) for the defendant in error:

1. Prima facie, the memorandum is contemporaneous with the instrument: Randolph on Com. Paper, § 190; Fletcher v. Blodgett, 16 Vt. 26. If such memorandum be made at or before the execution of the instrument, it is generally held to be a part of it, unless merely placed on the paper by way of ear-mark: Byles on Bills, 71*; Randolph on Com. Paper, § 191; Chitty on Bills, § 163; Daniels on Neg. Inst. § 159. A memorandum on the note, to control it, would be incorporated with it and destroy its negotiability : Overton v. Tyler, 3 Pa. 346; Zimmerman v. Rote, 75 Pa. 188. Instances: Franklin Sav. Inst. v. Read, 125 Mass. 365; McCalla v. McCalla, 48 Ga. 503; Haywood v. Perrin, 10 Pick. 228; Krouskop v. Shontz, 51 Wis. 204 (37 Am. Rep. 817).

2. The note in suit is so qualified by the memorandum on it as to deprive it of the essential qualities of commercial paper, for it did not remain a promise for the payment of money absolutely at a specified time and at all events: Way v. Smith, 111 Mass. 523 ; Sultz v. Silva, 119 Mass. 137; Hubbard v. Mosely, 11 Gray 170 ; Ernst v. Steckman, 74 Pa. 13; Overton v. Tyler, 3 Pa. 346; Woods v. North, 84 Pa. 407. We do not understand the offer covered by the second assignment of error,

The first part of it was to show that the defendant refused to indorse a new note; the latter, that he was a party to the original agreement. No such cause of action was set forth in the statement of claim, and if it had been, it would not have availed: Wright v. Hart, 44 Pa. 454; Gray v. Donahoe, 4 W. 400.

OPINION, MR. JUSTICE GREEN:

This is an action against the indorser of a promissory note. He is sued upon his contract of indorsement and not upon any other or independent special contract in relation to that indorsement. His liability therefore in the present action must be the technical liability of an indorser or the suit must fail. The note itself, without the written memorandum which appears upon its face, is a complete and perfect obligation of a negotiable character; and if the written memorandum were not there, we know of no reason why there should not be a recovery against the defendant as a mere indorser. But the memorandum is there; it is not alleged nor offered to be proved that it is there without authority, and if it has a controlling effect upon the note, it must be treated as a part of it. Its meaning is entirely plain.

The words, written across the end of the note, and on the face of it, in immediate proximity to the words of the note, are, "This note is given for advancements, and it is the understanding it will be renewed at maturity." The statement that it is given for advancements does not affect the certainty of the note and it could easily be regarded as a mere memorandum, not changing the contract and therefore not material. But the remainder of the writing is an agreement that the note will be renewed at maturity. As the bank is the holder and discounted the note when it was given, it is undoubtedly affected by the terms of the memorandum, and must be considered as having agreed to renew the note at its maturity. This being so, the obligation of the note is not an absolute, unconditional contract to pay the money at maturity. It is a qualified obligation to pay, with a condition that, instead of paying, the holder may give another note in its place which the bank would be bound to accept instead of money. This being so, the case comes within the rule that commercial paper, to be negotiable, must be certain, unconditional, and not contingent.

In Overton v. Tyler, 3 Pa. 346,, GIBSON, C. J., said: "But a negotiable bill or note is a courier without luggage. It is requisite that it be framed in the fewest possible words, and those importing the most certain and. precise contract; and, though this requisite be a minor one, it is entitled to weight in determining a question of intention. To be within the statute, it must be free from contingencies or conditions that would embarrass it in its course; for a memorandum, to control it, though indorsed on it, would be incorporated with it and destroy it. But a memorandum which is merely directory will not affect it." In Woods v. North, 84 Pa. 407, SHARSWOOD, J., said: "It is a necessary quality of negotiable paper that it should be simple, certain, unconditional, not subject to any contingency. It would be a mere affectation of learning to cite the elementary treatises and the decided cases which have established this principle. It is very important to the commercial community that it should be maintained in all its rigor."

It is manifest from the foregoing that the only inquiry necessary to determine the question of negotiability is, the effect of the memorandum upon the terms of the note. As we have seen, it makes an important change in the note, in that, instead of the note being a distinct contract to pay a fixed sum of money at a day certain, the holder has agreed to accept, instead of payment in money, another note payable at another time which is not fixed. The obligation of the note, therefore, is uncertain, depending on whether the maker chooses to pay it or give a new note in place of it. This uncertainty destroys its negotiability, and for that reason relieves the indorser. As this is not an action against the indorser to recover damages for breach of an agreement by him to continue his indorsement, that aspect of the case cannot be considered.

Judgment affirmed.