## Gazlay *v.* Riegel.

*Promissory notes—Negotiability—Conditional purchase.*

To be negotiable in a commercial sense a promissory note must be free from contingencies or conditions that would embarrass it in its course. It must be simple, certain, unconditional, and not subject to any contingency.

The question of the negotiability of the note is to be determined by what appears on the face of the paper, unaided by parol proof that the transaction was not what it was there represented to be. If the parties deliberately introduce into a paper otherwise negotiable that which destroys its negotiability, it is to be presumed that they did it intentionally and with that end in view.

A promissory note drawn in the usual form and payable at a future date contained the following clause: " The express condition of the sale and purchase of said chattels and the giving of this note, is that the title, ownership or possession does not pass from the De Laval Separator Company, 74 Cortland Street, New York, or the indorser to the maker of this note or any other person until this note is fully paid and satisfied." *Held*, that the note was not negotiable.

Argued Nov. 20, 1900. Appeal, No. 54, Oct. T., 1900, by defendant, from order of C. P. Bucks Co., April T., 1898, No. 18, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of John C. Gazlay and George E. Gazlay, trading as Gazlay Brothers v. George A. Riegel. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

· Assumpsit on a promissory note. Before YERKES, P. J.
The note in suit was as follows :

"$375.                    DURHAM, PA. February 18, 1897.

" On the 25th day of December, 1897, for value received, I promise to pay to the order of the De Laval Separator Company, three hundred and seventy-five Dollars, at the (bank) Northampton County National Bank. This note is given for an Acme Turbine Separator, No. 34,487. The express condition of the sale and purchase of said chattels and the giving of this note, is that the title, ownership, or possession does not pass from the De Laval Separator Company, 74 Cortland Street, New York, or the indorser, to the maker of this note or any other person

until this note is fully paid and satisfied; and the drawers and indorsers severally waive presentment, protest and notice of protest and nonpayment of this note.

[Signed]        "GEORGE H. RIEGEL.
"P. O. Address, Durham, Pa."

In the statement of the case, it was stated that Riegel, on February 18, 1897, made his promissory note in the words above given.   It was further stated as follows:

"Indorsements on said note.
"For value received, we, the indorsers, hereby guarantee the payment of the within note.

"H. W. GROSS.
"Pay to the order of Gazlay Brothers"
"THE DE LAVAL SEPARATOR COMPANY.

"F. PORIE, Cashier.
"GAZLAY BROS."

And across the face of the said promissory note is written the words, "payment stopped."

In the statement it was further averred that said promissory note, having thus been made, had been delivered to the Separator Company, and had passed, by subsequent indorsements, to Gazlay Brothers.

The affidavit of defense averred that the note was not negotiable; that it had been given for an Acme Turbine Separator, under certain representations as to the character of said separator, of a character most material; that these representations were false; that the separator was unfit for use; that the De Laval Separator Company had promised to adjust the same and to put it in proper condition to do the work it had been agreed it should do; that the company had failed to keep this promise; that the machine was worthless; and that "finally and before the maturity of the note in suit the defendant removed the said separator from his creamery and returned it to the said company."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

John G. Johnson, with him Warren S. Long and Robert M. Yardley, for appellant.—The note was not negotiable: Chicago Ry. Equipment Co. v. Merchants' Bank, 136 U. S. 268; Heryford v. Davis, 102 U. S. 235; Harkness v. Russell, 118 U. S. 663; Sloan v. McCarty, 134 Mass. 245; Brown Bros. & Co. v. Billington, 163 Pa. 76; Ernst v. Steckman, 74 Pa. 13; Overton v. Tyler, 3 Pa. 347; Zimmerman v. Anderson, 67 Pa. 421; Woods v. North, 84 Pa. 407; Iron City Nat. Bank v. McCord, 139 Pa. 59; Post v. Kinzua Hemlock Ry. Co., 171 Pa. 616; Costelo v. Crowell, 127 Mass. 293.

Henry Lear, with him E. Wesley Keeler, for appellees.—The question as to the negotiability of the note sued upon in this case has been settled by decisions of the courts of other states. The instruments upon which suit was brought in the cases referred to contained clauses precisely similar to that in the case under consideration. It is submitted that they present controlling arguments for a like conclusion by this court when the same question is presented for decision for the first time, as it now is:. Heard v. Dubuque County Bank, 8 Neb. 10; Choate v. Stevens, 43 L. R. A. (Mich.) 277; Wright v. Traver, 73 Mich. 493; 3 L. R. A. 50; Collins v. Bradbury, 64 Me. 37; Mott v. Havana Nat. Bank, 22 Hun, 354; Chicago Ry. Equipment Co. v. Merchants' Bank, 136 U. S. 268; Heryford v. Davis, 102 U. S. 235; Woods v. North, 84 Pa. 407; Smith v. Shippey, 182 Pa. 24; Nat. Bank of Royersford v. Davis, 6 Montg. 99.

OPINION BY RICE, P. J., March 19, 1901:

This action of assumpsit was brought by the indorsee against the maker of a promissory note drawn in the usual form and payable at a future date, but containing the following added clauses: " This note is given for an Acme Turbine Separator, No. 34487. The express condition of the sale and purchase of said chattels and the giving of this note, is that the title, ownership or possession does not pass from the De Laval Separator Company, 74 Cortland street, New York, or the indorser to the maker of this note or any other person until this note is fully paid and satisfied."

The affidavit of defense averred that the note was not nego-

tiable; that it had been given for a separator, under certain
material re_resentations as to the character of the same; that
these representations were false; that the separator was unfit
for use; that the De Laval Separator Company had promised to
adjust the same and to put it in proper condition to do the work
it had been agreed it should do; that the company had failed
to keep this promise; that the machine was worthless; and
that "finally and before the maturity of the note in suit the
defendant removed the said separator from his creamery, and
returned it to the said company."

That this would be a valid defense if the action had been
brought by the payee in the note is undisputed.   The question
is, whether the added words above quoted destroyed the nego-
tiability of the note, so that the same defense is available in an
action brought by one to whom the note was transferred by in-
dorsement before maturity.   The proper determination of this
question depends upon the determination of the real nature of
the transaction as disclosed in the paper itself.  The name
which parties to a written contract give to the transaction is
not conclusive as to its character.  If upon a construction of
the instrument as a whole, it appears that the transaction was
not what they denominated it, this construction must prevail.
" It is quite unmeaning for parties to a contract to say that it
shall not amount to a sale, when it contains every element of
a sale and transmission of ownership : "  Heryford v. Davis,
102 U. S. 235.  It is equally unmeaning for them to say that
it is a sale, when every element of a sale is lacking.   In the
contract under consideration the transaction is spoken of as the
" sale and purchase " of a chattel.   But it is by no means clear
that a present sale was meant ; for in the immediate context it
appears that neither the " title," the " ownership" nor the " pos-
session" of the chattel was to pass from the payee until the
stipulated price was paid.   To call this a sale was a misnomer.
So far as we can judge from what appears in the instrument, it
was not, in its essence, an executed contract of sale, an abso-
lute sale, to constitute which the general property in the chat-
tel must pass, but a contract to sell, which contemplated the
transfer of the title, ownership and possession in the future, or
at the very best, a conditional sale.   Presumably such transfer
and payment of the stipulated price were to be contempora-

neous; and the principle established by the modern decisions, that, in the absence of clear indications to the contrary, promises, each of which formed the whole consideration for the other; will be held to be concurrent conditions, would seem to apply. So that, if the De Laval Separator Company was unable or refused to perform its implied obligation to transfer the title, ownership and possession, the other party to the contract would be released from his promise to pay. If we are correct in this interpretation of the contract and in this conclusion as to the nature of the defendant's obligation under it, the further conclusion would seem necessarily to follow, that this note does not belong to that class of instruments which in the hands of an indorsee are protected against a defense that would be perfectly good against the payee. To be negotiable in a commercial sense a promissory note " must be free from contingencies or conditions that would embarrass it in its course:" Overton v. Tyler, 3 Pa. 346. " It is a necessary quality of negotiable paper that it should be simple, certain, unconditional, not subject to any contingency:" Woods v. North, 84 Pa. 407. A promissory note having on its margin the memorandum, "This note is given for advancements, and it is the understanding it will be renewed at maturity," is not an absolute, unconditional contract to pay the money at maturity, and it is therefore not a negotiable instrument upon which an indorser is liable upon his indorsement: Citizens National Bank v. Piollet, 126 Pa. 194. " It is settled by an uninterrupted series of decisions, that any language put upon any portion of the face or back of a promissory note by the maker, before delivery, is part of the contract, and if by any such language the payment is not necessarily to be made, at all events and of the full sum, in lawful money, and at a time certain to arrive, and subject to no contingency, the note is not negotiable:" Mr. Justice LORD in Costelo v. Crowell, 127 Mass. 293.

After quoting this language, Mr. Justice STERRETT said: " Our own cases "—referring to the cases above cited—" in effect recognize the same doctrine. . . . The principle recognized in these and other cases is undoubtedly correct, in that it is necessary to preserve the integrity of negotiable instruments." In the recent case of Post v. Kinzua Hemlock Railway Co., 171 Pa. 616, the instrument sued upon was in these words: " On

the first day of July, 1891, without grace, there will be due to the American Car & Equipment Company or order two hundred and fifty dollars for rental of rolling stock under contract of lease and conditional sale of even date herewith, payable at the office of the American Car & Equipment Company in the city of New York, with interest at six per cent per annum added." There, as in the present case, it appeared upon inspection of the instrument that there was a contingency upon which the money would not be due and payable, and upon this ground, not alone upon the ground that the promise to pay was merely inferential, the decision that the paper was not negotiable was based. " If the lessor refused to deliver the stock to the lessee in accordance with the terms of the contract, the rent reserved for the use of it did not become due on the first of July, or at any time. What the lessee said in the paper in question regarding the sum to become due on the first of July for rental of rolling stock, was based on compliance with the lease, and is not applicable to a repudiation of it. We cannot, therefore, regard the paper in suit as creating a liability independent of, and unaffected by, the contract to which it refers. We think it embraces a contingency which renders it nonnegotiable, and if the maker is liable upon it to the plaintiffs or to the payee the liability is qualified and measured by the ' contract of lease and conditional sale.' Nothing is better settled than the rule which requires that an instrument to be negotiable shall be free from contingencies and conditions." The foregoing remarks of the present chief justice are pertinent here, not only as emphasizing the general principle, but also as showing that it is applicable where the law, by reason of the nature of the transaction recited in the note, imports into the promise of the maker a condition, although none be expressed in words.

Much reliance is placed by the plaintiffs on the decision of the Supreme Court of the United States in Chicago Ry. Equipment Co. v. Merchants National Bank, 136 U. S. 268. It was held in that case that the negotiability of a series of notes given for the purchase price of cars sold by the payee to the maker is not destroyed by a clause that the "title to said cars shall remain in the said payee until all the notes of said series are fully paid, all said notes being equally and ratably secured on

said cars." Great pains were taken to show that this was not a conditional sale, thus distinguishing the transaction from that construed in Harkness v. Russell, 118 U. S. 663, where the identical words were under consideration that were incorporated in the note in suit. "This collateral agreement," said Mr. Justice HARLAN, "is a short form of chattel mortgage. . . . The cars having been sold and delivered to the maker, the payee had no interest remaining in them except by way of security for the payment of the notes given for the price. The reservation of the title as security for said payment was not the reservation of anything in favor of the maker, but was for the benefit of the payee and all subsequent holders of the paper. The promise of the maker was unconditional." In another part of the opinion the learned justice, in distinguishing the case from Harkness v. Russell, said: "Turning to the notes here in suit, we find every element of a sale and transmission of ownership, despite the provision that the title to the cars should remain in the payee, until all the notes of the series were fully paid." Granting the correctness of this conclusion, how can it be said that there is "every element of a sale and transmission of ownership" in a transaction in which it is expressly agreed that neither the title, the ownership nor the possession of the chattel shall pass, until the stipulated price is paid? The case relied on is not authority for that proposition. [ There is a manifest distinction between a case where the inference which a purchaser of the note would naturally draw would be that the chattel had been sold and delivered, and that the payee retained the technical title as security for the payment of the note, and a case where the inference he would naturally draw would be that the transaction was an executory contract to sell. In the latter case the promise to pay is in legal effect conditional upon the title, ownership and possession of the chattel, vesting in the promisor when the money is paid in full; and where this appears on the face of the note, the instrument lacks the necessary quality of negotiable paper, namely, that it be " simple, certain, unconditional, not subject to any contingency." |

It is further urged that the affidavit of defense shows, even if the note does not, that the separator was actually sold and delivered to the maker of the note, and that the seller and payee had no interest therein except by way of security; there-

fore the case is not distinguishable from Chicago Railway &c. Co. v. Merchants Nat. Bank, supra, and cases of that class. Without deciding whether the doctrine of those cases is in harmony with the principles of the Pennsylvania decisions, we think it sufficient to say, that, even if it is, it does not apply here, because the question of the negotiability of the note in suit is to be determined by what appears on the face of the paper, unaided by parol proof that the transaction was not what it is there represented to be. If the parties deliberately introduce into a paper otherwise negotiable that which destroys its negotiability, it is to be presumed that they did it intentionally, and with that end in view. To hold otherwise would lead to the greatest uncertainty, and perhaps in the end make the question of negotiability a question of fact for the jury. For if the plaintiffs may invoke part of the averments of the affidavit of defense in support of their contention that the note was negotiable, we see no reason why they might not introduce parol proof of the same facts. As was said by Mr. JUSTICE SHARSWOOD in Woods v. North, supra, "It is the first step in the wrong direction which costs. . . . It is the best rule obsta principiis."

Judgment reversed and procedendo awarded.