# Keeler *v.* DeWitt, Appellant.

*Contract—Parol and written contract—Evidence—Contemporaneous parol agreement.*

On a rule to open a judgment entered on a judgment note, it appeared that the defendant had given the note in payment for lightning rods. The written agreement for the rods contained the following guarantee: "We will pay five hundred dollars to owners of building to which our rods are attached in a proper manner, in case they fail to protect the building from damage by lightning." The defendant proved by two witnesses that there was a parol contemporaneous agreement that the agreement was to be put in the form of insurance policies for five years and that this was the inducement to the execution of the agreement. The policies were never delivered. There was also evidence that the rods were negligently constructed and afforded no protection to at least one of the buildings. *Held,* that the court below was in error in not opening the judgment.

Argued Jan. 13, 1904. Appeal, No. 5, Jan. T., 1904, by defendant, from order of C. P. Wyoming Co., Oct. T., 1901, No. 43, discharging rule to open judgment in case of Asa S. Keeler, Assignee, v. W. W. DeWitt. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to open judgment.
The facts appear in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*James W. Piatt* and *Henry Harding*, of *Harding & Harding*, for appellant.—A written agreement may be modified, explained, reformed, or altogether set aside by parol evidence of an oral promise or undertaking, material to the subject-matter of the contract made by one of the parties at the time of the execution of the writing, and which induced the other party to

put his name to it. The law esteems it a fraud, by such means, to secure an unfair advantage and subsequently to deny the parol qualification upon the faith of which the contract was made : American Harrow Co. v. Swoope, 16 Pa. Superior Ct. 451 ; Cullmans v. Lindsay, 114 Pa. 166 ; Keough v. Leslie, 92 Pa. 424 ; Ferguson v. Rafferty, 128 Pa. 337 ; Smith v. Harvey, 4 Pa. Superior Ct. 377 ; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165.

Contemporaneous writings between the same parties upon the same subject-matter are read and construed as one contract and paper : Martin v. Fridenberg, 169 Pa. 447 ; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165 ; Martin v. Kline, 157 Pa. 473.

*W. E. Little*, with him *Asa S. Keeler*, for appellee.—An application to open a judgment is addressed to the equitable power of the court, and on appeal the question is whether there has been a rightful exercise of that discretion : Kaier Co. v. O'Brien, 202 Pa. 153 ; Phila. v. Unknown Owner, 20 Pa. Superior Ct. 203 ; Tozier v. Brown, 202 Pa. 359.

OPINION BY BEAVER, J., March 14, 1904 :

By an agreement in writing, the defendant contracted with H. A. Crandall, as foreman, for the erection upon his house and barn of a system of circuit conductors, in ordinary parlance known as lightning rods, which were to be erected "in a proper and substantial manner, in accordance with the scientific rules set forth on the back of this contract," for which he was to pay, on the completion of the work, in cash or by note due in one year, at the rate of thirty-seven and one half cents per foot for the rod. Upon the back of said contract, among numerous other clauses, this occurs : "We will pay five hundred dollars to owners of buildings to which our rods are attached in a proper manner, in case they fail to protect the building from damage by lightning."

After the erection of the rods, a settlement was made by R. E. Frear, who insisted upon cash or a note at one year for the value of the rods erected upon his building, for the number of feet, as measured by him or Crandall, at the contract price per foot. Before delivering the note, defendant made request

for the delivery of the insurance policy which, under the terms
of the agreement, as he understood it and as he alleged it had
been made, was to be delivered to him at the time of payment.

The note in question was assigned to the plaintiff who
entered judgment upon it July 10, 1901. An application was
made by the defendant to open this judgment in whch he al-
leged : " That Crandall agreed to put the rods up for a price
stated, to furnish insurance against lightning in the sum of
five hundred dollars, for each building rodded, in a good in-
surance company, the rods to be examined from time to time
by an agent of the company represented by Crandall ; that,
when the rods were erected, settlement was made with R. E.
Frear, and the note upon which judgment was entered was
given ; that the rods were erected in a negligent manner and
afforded no protection to the buildings ; that insurance poli-
cies were not delivered as agreed ; that Crandall and Frear
did not represent any insurance companies and that the rods
were not examined from time to time as agreed."

A rule to show cause was allowed and testimony taken in
support of it. The court discharged the rule upon the ground
that the verbal representations relating to insurance, etc., were
not made at the time the note was given, apparently losing
sight of the fact that, under the original agreement—which was
in writing for the most part but in parol only as to the form
the guarantee provided in writing was to take,—the making of
the note and the delivery of the insurance policy were to be
contemporaneous acts and that the agent who represented the
lightning rod company excused himself from the performance
of their part of the contract by alleging that they were out of
policies and that it would be delivered in a few days. The
defendant and his wife agreed in their testimony as to the form
which the guarantee against loss by lightning was to take.

The original contract was executory. It was executed when
the lightning rods had been erected and the note for the amount
thereof was delivered. There was a stipulation, however, on the
part of the company erecting the rods that they were to pay
$500 to the owners, in case they failed to protect the build-
ings from damage by lightning. How was this to be se-
cured ? It was as much a part of the contract as the de-
livery of the note for the price of the erection of the rods.

According to the testimony of the defendant, this was to be done by a policy of insurance and, when that was brought to the attention of the person who made the settlement, according to the same testimony, he assented to it but excused performance only on the ground that " they were out of policies " and agreed to deliver the same within a short time.

The written guarantee is not denied. The only question is as to the manner in which it was to be carried out or secured. Starting with that as a foundation for the defendant's claim and showing by two witnesses who were not contradicted that the guarantee was to be put in the form of insurance policies for five years, which was the inducing cause to the execution of the original contract, we cannot see why the case is not brought within rules, both as to the admission of parol testimony, showing the inducing cause to the execution of the contract, and the quantity and quality of evidence necessary to establish it.

There was evidence also that the lightning rods were negligently constructed and afforded no protection whatever to at least one of the buildings. We think, therefore, that if the defendant established these facts to the satisfaction of a jury he would be entitled to relief, at least to the extent of the value of the insurance policy which was not delivered and the amount necessary to put the lightning rods erected upon his premises in good serviceable condition.

The exercise of the discretion of the court was based upon a manifest misapprehension as to the precise question involved. The defendant did not seek to change or modify the note given by him in settlement for the erection of the lightning rods. What he did insist upon, was that the previous agreement should be carried out in good faith and that, contemporaneously with the delivery of the note, he should receive the policy of insurance, the delivery of which was the inducing cause to the execution of the said agreement.

The decree of the court below, discharging the rule, is, therefore, reversed, the rule made absolute and the record remitted with a procedendo.