# Harvey, Appellant, *v.* Dimon.

*Promissory notes—Negotiable instrument—Law merchant—Parol statements—Inducement—Written instrument—Evidence—Affidavit of defense.*

In an action upon a promissory note, where the defendant by oyer and by affidavit of defense makes it appear that the note is only a part of a paper which includes also a memorandum of goods sold and an agreement relating to a collateral warranty of goods, the court will construe the paper as a whole as not a negotiable instrument, and will find that an assignee of the paper takes it subject to the rules of the law merchant.

In such a case where the paper contains the additional words "no agreement recognized, unless in writing on this sheet," signed only by a salesman of the payee of the note, and not signed by the maker, the latter is not bound thereby unless it appears that he distinctly assented to the words at the time of the execution of the paper.

In a suit on the paper the defendant may show that certain representations were made to him by the agent of the payee of the note, who secured his signature, which induced the execution of the agreement, and without which he would not have signed it, and that, in pursuance of such representations, he subsequently orally rescinded it.

Argued March 3, 1908. Appeal, No. 16, Jan. T., 1908, by plaintiff, from order of C. P. Susquehanna Co., Nov. T., 1906, No. 201, discharging rule for judgment for want of a sufficient affidavit of defense in case of Arlington C. Harvey *v.* J. S. Dimon. Before RICE, P. J., PORTER, HENDERSON, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.

The defendant filed an affidavit of defense which was as follows:

That on or about April 30, 1906, a party calling himself Charles Stallsmith, called at his house representing himself as

the agent of a concern which he represented was the Columbus Food Company, of Columbus, Ohio, and requested deponent to become an agent of the said Columbus Food Company for the sale of certain articles, for the county of Susquehanna.

That deponent finally consented to act as such agent, if, upon considering the matter he should be of the opinion that he had time to engage in the sale of articles represented to be manufactured by the said Columbus Food Company.

That he entered into an agreement upon the representations of said Charles Stallsmith to become the agent for the sale of said products to pay for the same as the sales should be made; it was then and there agreed that the goods of the said company to be shipped to the said deponent were to be shipped on the June 1, 1906, and not before that time.

That at the request of the said agent he signed an order for such goods as the agent directed, the said party, to wit: the Columbus Food Company, reserving the right to cancel such agreement at any time at their option and asked him to sign an agreement in connection with such order promising to pay to the Columbus Food Company $409.50. That said agent then and there promised and agreed that the time for the payment was to be extended at any time when requested by deponents as to all goods that might remain unsold.

Later on the same day he met him the said Charles Stallsmith, and told him that he did not believe he would have time to engage in the sale of the Columbus Food Company's products and it was then and there agreed between deponent and said agent that he could countermand the order given for goods and rescind the contract at any moment that he pleased previous to June 1, 1906.

That on May 1, 1906, he wrote the said Columbus Food Company a letter of which the following is a copy:

"May 1, 1906.

"Columbus Food Company,

"Columbus, Ohio.

"Gentlemen:

"You will please consider the agreement entered into between your Company and myself on the 30th day of April,

1906, rescinded and everything in connection therewith re-voked.

"I have no time to give attention to the matter in any way and any order for any goods is also revoked. Do not ship any goods to me.

"Yours truly,

(Signed) "J. S. Dimon."

That notwithstanding such rescission of said contract and countermand of said order on May 1, 1906, the said company shipped to deponent a quantity of goods, the amount and character of which are unknown to said deponent, which said property so forwarded he refused to accept or take from the D., L. & W. R. R. station, but left the same subject to the order of the said Columbus Food Company as its own property and so notified the said company on June 7, 1906.

At the second interview with the said agent, when it was agreed that deponent could rescind his contract and revoke any orders he had given, together with any obligation, all said papers the agent agreed should be returned to said deponent.

Deponent is not indebted in any way or manner to the said Columbus Food Company or to the said A. C. Harvey. A true copy of instrument upon which suit is brought is hereto attached.

"TRUE COPY OF INSTRUMENT.

"Columbus Food Co.,
        "115 Vine St., Columbus, Ohio.
    "Please ship to J. S. Dimon,                    Penn.
                        "Postoffice, Fairdale, Pa.
    "All goods F. O. B.
        "Columbus, Ohio.
        "Shipping address Montrose by D. L. & W.

| | |
|---|---|
| Bales 4–50 lb. Sacks Stock Food, | $ |
| Bales 8–25 lb. Sacks Stock Food, | $ |
| Bales 16–12 lb. Sacks Stock Food, | $ |
| Cases 24–50c Packages Stock Food, | $ |

| | | | |
|---|---|---|---|
| 1 | Cases 48–25c Packages Poultry Food, | $ | 6.50 |
| 2 | Cases 20–60c Packages Poultry Food, | $ | 13.00 |
| | Lbs. in 12 lb. Buckets Poultry Food, | $ | |
| | Lbs. in 25 lb. Buckets Poultry Food, | $ | |
| | Cases 48–25c Packages Animal Condiment, | $ | |
| | Cases 24–50c Packages Animal Condiment, 6½c per lb., | $ | |
| | Cases 16–75c Packages Animal Condiment, | $ | |
| 2000 | Lbs. in 12 lb. Buckets Animal Condiment, | $ | 130.00 |
| 4000 | Lbs. in 25 lb. Buckets Animal Condiment, | $ | 260.00 |
| | Lbs. in 50 lb. Drums Animal Condiment, | $ | |
| | Lbs. in 100 lb. Drums Animal Condiment, | $ | |
| | Cases 48–25c Packages Perfect Louse Killer, | $ | |
| | | $ | 409.50 |

"Town Fairdale, State Pa.          Date April 30, '06.

"150 days after date for value received, I, we, or either of us, promise to pay to Columbus Food Co., or order, Four Hundred & Nine & 50–100 Dollars, at Columbus Food Co.'s office, Columbus, Ohio, with interest after maturity until paid. '

(Signed) "J. S. DIMON.

"We, the undersigned agree with J. S. Dimon of Fairdale, State of Pa., executing above order as follows: You are expected and instructed to sell Columbus Food strictly on its merits and to warrant and guarantee said Food to each customer if used and fed according to printed directions. And we agree in all cases where your customers have fed the Food for 30 days as aforesaid, and by writing Columbus Food Company, Columbus, Ohio, stating to them just how they have fed the Food, and how long and what kind of stock fed and condition of same. If we are then unable to show them how to feed the Food and get the results we claim for it by them furnishing us with their affidavit, clearly and explicitly stating they have fed said Food in accordance with our instructions, detail the manner of feeding same, and that his stock has derived no benefit therefrom, and we agree in all cases where your customers have complied with the above to ship you free of charge f. o. b. cars your

86          HARVEY, Appellant, *v.* DIMON.

Statement of Facts—Opinion of Court below. [36 Pa. Superior Ct.

station, as many pounds, not exceeding 500 lbs. to a single customer, as shall appear by such affidavit to have been used by such customer. It is understood that this guaranty shall cover in each case only the first sale made to each individual customer. Otherwise this warranty is of no force or effect.

"Countermands not recognized.

(Signed) " COLUMBUS FOOD COMPANY,
            " 115 Vine St., Columbus, Ohio.
            " Sole Mfrs. of Columbus Foods.

"No agreement recognized unless in writing on this sheet.
            (Signed) " STALLSMITH, Salesman."

Indorsed upon back of the foregoing agreement is the following:

"For value received this note is assigned to Arlington C. Harvey. August 27, 1906.

(Signed) " COLUMBUS FOOD COMPANY,
            " D. N. Moore, Mgr.

"Arlington C. Harvey pay to Farmers' National Bank, Montrose, Pa., or order.

            " THE COLUMBUS SAVINGS BANK COMPANY,
            " O. G. Henderson, Cashier."

Note. The last indorsement of bank and cashier erased with ink lines.

SEARLE, P. J., filed the following opinion:

The copy of instrument filed with plaintiff's statement as the one on which suit was brought is as follows:

"Town Fairdale, State Penn'a, Date April 30, '06. 150 days after date for value received I, we or either of us promise to pay Columbus Food Company or order Four hundred and nine and 50–100 dollars at Columbus Food Company's office, Columbus, Ohio, with interest after maturity until paid." (Signed) " J. S. Dimon," and indorsed on back thereof as follows: "For value received this note is assigned to Arlington C. Harvey. Columbus Food Company, D. N. Moore, M'gr., August 27, 1906." November 19, 1906, upon affidavit of defendant setting forth

in substance that the copy of instrument upon which suit was brought contained in plaintiff's statement was only a portion of the instrument signed by defendant. Rule was granted upon plaintiff to show cause why he should not file in the No. and Term of this action a full, true and correct copy of the original itself of this instrument alleged by the defendant to be only in part quoted in plaintiff's statement in the prothonotary's office as oyer of the same.

November 24, 1906, this rule for oyer was discharged upon plaintiff's attorney delivering to the prothonotary to be impounded by him the original note—said prothonotary to retain custody of same until a copy of the original is deposited with prothonotary.

The affidavit of defense filed December 3, 1906, with an amended affidavit filed December 31, 1906, claim to give a correct copy of the instrument executed by J. S. Dimon upon a portion of which as claimed by plaintiff's statement suit was instituted. This copy shows an order by J. S. Dimon to the Columbus Food Company for a bill of goods appended to which is the note a copy of which is contained in plaintiff's statement. This signature of J. S. Dimon being after the note which follows immediately after the order of bill of goods and is only signature of defendant to the paper. Following the note is what purports to be an agreement with defendant containing instruction to said defendant how to sell the goods ordered and how to warrant and guarantee them and authorizing certain specific agreements with purchasers. This last agreement or instructions is signed only by Columbus Food Company, 115 Vine St., Columbus, Ohio, also the words "Countermands not recognized. No agreements recognized unless in writing on this sheet." Also assignment to plaintiff.

. The affidavit of defense avers an agreement made with the agent of the company at time he signed the written or printed paper whence he was appointed an agent of the Columbus Food Company, and on same day he and said agent agreed that said Dimon could countermand the order for goods and rescind contract at any time previous to June 1, 1906; that said Dimon did on May 1, 1906, write a letter to Columbus Food

Company rescinding and revoking the agreement, and ordering them not to ship any goods, notwithstanding which Columbus Food Company shipped goods to him which he refused to receive, and so notified company June 7, 1906.

It was urged by plaintiff's attorney that this affidavit was not an answer to plaintiff's suit:

1. Because the paper on which suit was a negotiable note passed, before due, to an innocent holder.

2. That all the instrument alleged to be a portion of the written agreement of the parties by the defendant, taken together, do not modify or change the legal effect of the paper signed by Dimon; taken as an entirety it remains a negotiable instrument and is not subject to any defense of the character set up in affidavit of defense when passed to an innocent holder for value before maturity.

The whole paper signed by Dimon and also signed by Columbus Food Company, by its agent, must be taken as an agreement between the parties either entire or partial, and in either case the entire paper is to be taken as the foundation of the suit. The defendant alleges that the entire paper does not contain all the agreement between the Columbus Food Company and himself, and that there were other agreements made between himself and the plaintiff company through its agent at the time of signing of this paper and subsequent to signing it, but on same day (and consequently before it was possible for the agent to have delivered it to the principal), which so modified the paper as to allow the defendant to rescind the agreement therein contained, and that he did rescind the said agreement before the time stated in plaintiff's narr of its transfer to the present plaintiff.

This affidavit in short alleges that the actual agreement between defendant and the agent of the Columbus Food Company was partly written and printed and partly verbal; and that the entire agreement gave him a right of rescission of contract, which he exercised before any rights under the contract vested in plaintiff.

These averments entitle the defendant to have the facts passed upon by a jury, especially as there are expressions in

the written instrument which passed to plaintiff which might be construed to indicate that the writing did not contain the entire contract between defendant and the Columbus Food Company.

It was claimed by attorney for defendant at the time of the argument of this rule, that the order of court as to the custody of the original instrument by the prothonotary did not make the paper a part of the files, and therefore his right of oyer was not protected by said order, and asked that the original rule as to oyer should be reinstated. Plaintiff's attorney stated that if the court was of opinion that defendant was entitled to have a copy of instrument made part of record he would consent that the original now impounded in hands of prothonotary be filed in the case. It is therefore ordered that the original paper impounded in custody of the prothonotary be marked by him filed and made a part of the record in this case. And the rule to show cause why judgment should not be entered for want of sufficient affidavit of defense, is hereby discharged.

*Error assigned* was the order of the court discharging the rule for judgment for want of a sufficient affidavit of defense.

*W. D. B. Ainey,* for appellant.—The note was negotiable: Odiorne v. Sargent, 6 N. H. 401; Sanders v. Bacon, 8 Johnson (N. Y.), 485; Morris v. Lynde, 73 Me. 88; Chicago Ry. Equipment Co. v. Bank, 136 U. S. 268 (10 Sup. Ct. Repr. 999); Brill v. Crick, 1 M. & W. 232; Clanin v. Machine Co., 118 Ind. 372; Carr v. Welch, 46 Ill. 88; Ilsley v. Smedes, 15 Daly, 488; Bank v. Morgan, 165 Pa. 199; Phelan v. Moss, 67 Pa. 59; McSparran v. Neeley, 91 Pa. 17; Craig v. Sibbett, 15 Pa. 238; Bookoven v. Bank, 11 W. N. C. 570; Siegel v. Bank, 7 Lawyers' Rep. Annotated, 537.

*A. B. Smith,* for appellee.—The additional agreement to warrant and guarantee the goods by the defendant renders the instrument nonnegotiable under the express provisions of the fifth section of the negotiable instrument law of 1901, P. L. 1901, No. 162.

The plaintiff in this case having become the owner of the instrument sued upon, such ownership cannot be restricted simply to the language thereof creating simply a promissory note, but the assignment being upon the back of the entire instrument title to it entire passed and under the familiar principle of law he took the instrument subject to every defense which the maker had against the assignor: Stokes v. Dewees, 24 Pa. Superior Ct. 471; Morgan's App., 126 Pa. 500; Janes v. Benson, 155 Pa. 489.

The affidavit of defense in the case at bar is sufficient to prevent judgment and send the case to a jury: Keeler v. DeWitt, 24 Pa. Superior Ct. 463; Machin v. Prudential Trust Co., 210 Pa. 253; American Harrow Co. v. Swoope, 16 Pa. Superior Ct. 451; Wheatley v. Niedich, 24 Pa. Superior Ct. 198; Thomas v. Loose, 114 Pa. 35; Locher v. Jones, 14 Pa. Dist. Rep. 781.

OPINION BY BEAVER, J., April 20, 1908:

The facts of this case, and the various steps taken in the court below to obtain final judgment, are numerous and peculiar. They are fully set forth in the opinion of the court below, refusing judgment for want of a sufficient affidavit of defense. Assuming that that opinion will be brought into the report of the case, we content ourselves with a simple allusion to the main facts, so as to make our opinion intelligible in connection with that of the court below.

The use, by the plaintiff in his declaration, of one out of four distinct parts of which the instrument, upon which suit was founded, was finally found to consist, was certainly, to say the least, disingenuous and misleading. It strengthens the suspicion, which a careful reading of the whole instrument arouses, that it was specially designed for such a use.

The instrument, however, remains entire and intact and conveyed to the plaintiff, who alleges that he is an innocent holder for value before maturity, full knowledge of all the facts which fixed the liability of the defendant, and of which he could have taken advantage, if the obligation had remained in the hands of the original holder.

It is clear that the third part of the paper, variously called

a "warranty" and a "guaranty" on the part of the Columbus Food Co., if the facts therein contemplated had arisen in such a way as to create a liability on its part, would have entitled the defendant to a defense to the payment of the second part of the paper, which is in the shape of a promissory note, as contained in the plaintiff's declaration, at least to the extent which he may have suffered pecuniarily in warranting and guaranteeing the food, ordered in the first part of the paper, to customers, as directed in the said warranty.

The fourth part of the paper is as follows: "No agreement recognized, unless in writing on this sheet." This, however, is signed only by "Stallsmith, salesman," and is not signed by the defendant. Unless, therefore, he distinctly assented to it at the time of the execution of the paper, we cannot see that he would be bound thereby.

The defendant does not deny the execution of the agreement upon which the present action is founded. He claims, however, that certain representations were made by the agent who secured his signature which induced the execution of the agreement, and without which he would not have signed it, and that, in pursuance of those representations, he subsequently orally rescinded it. Under all our authorities, evidence is admissible to establish these facts. Among the latter ones are Machin v. Prudential Trust Co., 210 Pa. 253; American Harrow Co. v. Swoope, 16 Pa. Superior Ct. 451; Wheatley v. Niedich, 24 Pa. Superior Ct. 198; Keeler v. DeWitt, 24 Pa. Superior Ct. 463.

Whether or not they shall be established will be a question for the jury. We are clearly of the opinion that, under the allegations of the affidavit of defense, the defendant should have an opportunity to establish them.

The present holder of the agreement (the plaintiff in this action) took it with full notice of its contents. Independently, therefore, of the provisions of our negotiable instruments Act of May 16, 1901, P. L. 194, we are of the opinion that the agreement upon which this suit is founded in its entirety is not a negotiable instrument and under sec. 196 of said act is governed by the rules of the law merchant.

For the reasons herein stated, we are of opinion that the

plaintiff is in no better situation than would have been the original holder—the Columbus Food Company—and, as to the latter, if the defendant clearly established the facts set forth in his affidavit of defense, he would have had a valid defense to the payment of that portion of the agreement which is denominated "the note."

Judgment affirmed.