## Neyens *v.* Port, Appellant (No. 1).

*Promissory notes—Negotiability—Contingency.*

1. A written promise to pay which depends upon a contingency does not become a negotiable instrument if the contingency does in fact afterwards happen upon which the promise is to become absolute. Its character as a negotiable note cannot depend upon future events.

2. While the Act of May 16, 1901, P. L. 194, provides that a promissory note shall not lose its negotiability merely because it includes a statement of the transaction out of which it arises, the provision of the statute only applies where there is "an unqualified order or promise to pay."

3. Where an instrument in writing dated February 23, 1906, starts out with an order for goods at a price named to be shipped f. o. b. to a city in another state four months afterwards, and concludes with a specific promise to pay the price named at a designated place in 180 days after the date of the instrument, the paper is not a negotiable promissory note, inasmuch as it does not create a liability independent of, or unaffected by, the written offer, to purchase the goods.

Argued Oct. 25, 1910. Appeal, No. 71, Oct. T., 1910, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1906, No. 27, on verdict for plaintiff in case of L. M. Neyens v. L. E. Port. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Reversed.

Assumpsit on a promissory note. Before Woods, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $156. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*H. H. Waite,* for appellant.—We earnestly contend that the paper writing upon which this action is founded is not negotiable under the law of Pennsylvania: Gazlay v. Riegel, 16 Pa. Superior Ct. 501; Ernst v. Steckman, 74 Pa. 13; Post v. Ry. Co., 171 Pa. 615; Strang v. MacArthur, 212 Pa. 477; Killam v. Schoeps, 26 Kans. 310 (40 Am. Rep. 313); Johnston v. Speer, 92 Pa. 227.

*C. H. Whittaker,* for appellee.—The note was negotiable: Siegel v. Chicago Trust & Sav. Bank, 131 Ill. 569 (23 N. E. Repr. 417); Stevens v. Blunt, 7 Mass. 240; Davis v. McCready, 17 N. Y. 230 (72 Am. Dec. 461); Craig v. Sibbett, 15 Pa. 238; Post v. Ry. Co., 171 Pa. 615; Strang v. MacArthur, 212 Pa. 477; Killam v. Schoeps, 26 Kans. 310 (40 Am. Rep. 313).

OPINION BY PORTER, J., April 17, 1911:

The alleged right of the plaintiff to recover was based upon a written instrument, signed by the defendant, in the words and figures following:

"State, ~~Ohio,~~ Pa. Town, Huntingdon.       Feb. 23, 1906.
Acme Food Co.,
      110 La Salle St., Chicago, Ill.
Please ship to Lewis E. Port,
      Station Huntingdon, Pa.
Goods, as follows, f. o. b. Chicago, Ill.:

|  |  |
|---|---|
| —— case (3 doz.) 10-oz. packages Poultry Food | $ |
| —— case (3 doz.) 28-oz. packages Poultry Food | $ |
| —— case (3 doz.) 5-lb. packages Poultry Food | $ |
| —— lbs. in 10 lb. pails Poultry Food | $ |
| —— lbs. in 25 lb. pails Poultry Food | $ |
| —— case (3 doz.) 3 lb. cans Acme Food | $ |
| —— case (3 doz.) 5 lb. cans Acme Food | $ |
| 100 lbs. in 10 lb. pails Acme Food | $   7.00 |
| 2000 lbs. in 25 lb. pails Acme Food | $130.00 |
| —— lbs. in 50 lb. quarter bbls. Acme Food... | $ |

*Ship June 23rd, 1906.*

—— lbs. in 100 lb. half bbls. Acme Food..... $

—— lbs. in 200 lb. bbls. Acme Food........ $

Total............ $137.00

4% discount if paid by ———————— 180 days after date, for value received, I, we, or either of us, promise to pay to Acme Food Co., or order, one hundred and thirty-seven dollars, at Acme Food Co.'s office, Chicago, Ill. with interest after maturity until paid.

LEWIS E. PORT."

This paper was, on May 18, 1906, indorsed by the Acme Food Company and delivered to L. M. Neyens, the plaintiff, who paid value for the same. The court below, upon the trial, held that this paper was a negotiable promissory note, excluded evidence offered by the defendant which might have constituted a good defense had the action been brought by the Acme Food Company, and gave binding instructions in favor of the plaintiff. The defendant submitted a point requesting the court to charge that the written instrument not being negotiable, the plaintiff could not maintain this action, and the verdict must be in favor of the defendant, which point the court refused. The defendant subsequently moved the court to enter judgment in favor of the defendant, non obstante veredicto, which motion the court overruled, and directed that judgment be entered upon the verdict. The defendant appeals and assigns these rulings for error.

The single question in this case is whether the instrument declared upon is a negotiable promissory note. If it is the plaintiff was entitled to maintain this action in the form in which it was brought, and the judgment must be affirmed. If it is not, both specifications of error must be sustained, and judgment entered in favor of the defendant non obstante veredicto. If that part of the paper in which the defendant promised to pay a specific sum, at a place designated, in 180 days after the date of the instrument, stood alone, it would be a complete and perfect ob-

ligation of a negotiable character, but it does not stand alone.  In passing upon the question of the negotiability of the paper we must consider all that appeared upon its face, including the memorandum, written upon the margin of the order, which fixed the time for the future delivery of the goods which the defendant by the writing expressed his willingness to buy: Citizens' National Bank v. Piollet, 126 Pa. 194; Gazlay v. Riegel, 16 Pa. Superior Ct. 501; Harvey v. Dimon, 36 Pa. Superior Ct. 82.  The proper determination of this question depends upon the real nature of the transaction as disclosed in the paper itself. The general rule undoubtedly requires that, to constitute a valid negotiable promissory note, the instrument must be an obligation for the payment of money at some fixed time, or upon some event which must inevitably happen; that it is not such a note if upon the face of the instrument it clearly makes the obligation to pay depend upon a contingency or uncertainty.  Nor does a written promise to pay which depends upon a contingency become a negotiable instrument if the contingency does in fact afterwards happen, upon which the promise is to become absolute.  Its character as a negotiable note cannot depend upon future events, but solely upon its character when created: Ernst v. Steckman, 74 Pa. 13; Costelo v. Crowell, 127 Mass. 293.  The paper upon which the plaintiff asserted a right to recover purported to be signed by the defendant at Huntingdon, Pa., and was addressed to the Acme Food Company at Chicago, Ill.; the manner in which it came into the hands of the Acme Food Company does not appear on the face of the instrument, nor is it a controlling element here, although the president of the company testified that it reached them "in our usual course of mail."  The paper was a request that the food company ship to the defendant, on June 23, 1906, three months after the paper was signed, certain quantities of goods named, delivery to be f. o. b. Chicago, at prices stated, the whole amounting to $137, and the instrument concluded with a promise to pay $137 to the food company,

or its order, in 180 days after its date. What the defendant said in the paper regarding the payment of the $137 was based upon compliance with his request that the food company deliver to a carrier, at the date mentioned, the goods specified in the order, which at the prices the defendant offered amounted to the sum which he promised to pay. Compliance with the request, shipment of the goods upon the terms stated, was necessary before under this written instrument any obligation on the part of the defendant to pay arose. The obligation of the defendant to pay was subject to contingencies. The paper did not disclose even an executory contract. It was simply an offer upon the part of the defendant to buy goods upon terms stated. The Acme Food Company were perfectly free to accept or reject the order; if they considered the prices offered and the credit of the defendant satisfactory they would probably accept it, otherwise they would reject. Until the food company did accept the terms of the offer of the defendant to buy, the latter was free to withdraw his offer, and no contract would result. Even if the food company accepted the offer and, when three months later the time for shipment of the goods arrived, they failed to perform their contract the defendant could not be required to pay for the goods. The paper in suit did not create a liability independent of and unaffected by the written offer to purchase goods, of which it was an integral part. The liability of the defendant was dependent upon contingencies which rendered the paper nonnegotiable: Gazlay v. Riegel, 16 Pa. Superior Ct. 501; Post v. Railway Co., 171 Pa. 615. When the plaintiff bought this request of the defendant for the shipment of goods he had notice, upon the face of the instrument, of the contingent nature of the liability of the defendant, and, also, that the time had not, even then, arrived for the shipment of the goods, upon which the promise of the defendant to pay was based.

The contention of the learned counsel for plaintiff that this paper was a negotiable instrument under the provisions of the Act of May 16, 1901, P. L. 194, entitled, "An

Act relating to negotiable instruments" is not well founded. The provision of the statute upon which this contention is based is found in art. I, sec. 3: "An unqualified order or promise to pay is unconditional, within the meaning of this act, though coupled with: . . .   (2) A statement of the transaction which gives rise to the instrument." The mere fact that the paper includes a statement of the transaction out of which it arises does not of itself render the paper nonnegotiable.   But it is to be observed that this provision of the statute only applies when there is "An unqualified order or promise to pay."   Whether there is an unqualified promise or contract to pay must be determined from consideration of all the provisions of the instrument.   If upon the face of the instrument it clearly appears that the transaction out of which it arose was one expressly forbidden by law, or that the consideration was the violation of a criminal statute, it certainly could not be seriously suggested that the maker could not defend against it, no matter into whose hands it might pass.   But the final sentence of the fourth section of the statute, viz.: "An instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect" is the conclusive answer to this argument on behalf of the appellee.   The defendant was entitled to the binding instruction prayed for.   The first and fifth specifications of error are sustained.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant non obstante veredicto.